ESTATE OF RADE: STATE, Appellant, vs. ALIEN PROPERTY CUSTODIAN, Respondent.

*April 3—May 8, 1951.*

For the appellant there were briefs by the *Attorney General* of Wisconsin, *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondent there was a brief by *Harold I. Baynton,* assistant attorney general of the United States, *Timothy T. Cronin,* United States district attorney for the Eastern district of Wisconsin, and *Thomas H. Creighton, George B. Searls,* and *Irwin A. Seibel,* Department of Justice, all of Washington, D. C., and oral argument by *Mr. Seibel.*

BROADFOOT, J.   Upon this appeal the state contends that the issues in each case must be resolved on the basis of the interpretation of the Wisconsin statutes by the state courts. There seems to be no issue in respect to that contention.

The state next argues that the Wisconsin statutes condition succession upon the distributive share being claimed by the heir, and provide for alternative succession to the school fund on failure of the condition. The state is asking for a strict construction of the provisions of sec. 318.03, Wis. Stats., which reads in part as follows:

"(1) *Heirs unknown.* In case there shall be no known heir of the decedent, the residue of the estate, not disposed of by will, shall escheat and shall be ordered paid into the state school fund. . . .

"(3) *Unclaimed legacies and shares; escheat.* Except as provided in section 331.42, if any share of intestate property including property distributable as intestate property under subsection (2) shall not be claimed by the heir within one hundred twenty days after the entry of final judgment by the county court, or within such time as shall be designated in said final judgment, the executor or administrator shall convert the same into money and pay it to

the state treasurer for the state school fund, and it shall be a part of said fund until and unless refunded as prescribed by subsection (4).

"(4) The moneys received by the state treasurer pursuant to subsections (1) and (3) shall be paid to the owner on proof of his right thereto. The claimant may, within seven years after the date of publication by the treasurer of notice of receipt thereof as provided by section 14.42 (15), file in the county court in which the estate was settled, a petition alleging the basis of his claim to the residue or to the legacy or share. . . ."

The state contends that, even though there are known heirs of a decedent and even though there has been a determination of heirship, the residue of the estate does not automatically become the property of such heirs and that it becomes the property of an heir only when it is claimed "by the heir" as provided by said statute. We cannot agree with this strict construction. When it is established that a decedent leaves known heirs the state has no interest in the residue of said estate except in remote instances where no claim is made for the share of a known heir. However, the heir has an interest in the estate that can be reached by garnishment or other action. In the cases before us the vesting orders have the effect of assignments by operation of law and vest the interest of the named heirs in the Alien Property Custodian.

The state next contends that the interests vested by the Alien Property Custodian were conditional and defeasible, and that he did not obtain a greater interest than the enemy alien had under our laws of succession, and that under its prior argument the interest of the alien heir would be defeated if he did not claim the property. This contention is answered by our determination of the state's prior argument.

In the matter of the estate of John Rade, deceased, the state further claims that when peace is concluded with an enemy country prior to judgment of distribution the distrib-

utive shares payable to nationals of such country are not subject to vesting by the Alien Property Custodian. That may or may not be true. Even if true, it would avail the state nothing. The distributive shares of the Bulgarian heirs would then go to the Bulgarian minister to the United States by virtue of the power of attorney he holds. In neither case would the residue of the estate, nor any portion thereof, escheat to the state. Possible conflicting claims between the heirs, through their attorney in fact, and the attorney general of the United States are not before us. It is sufficient to note that the state of Wisconsin as appellant has no further interest in this particular estate.

The orders in the other three matters provided that the public administrator, upon entry of the decree of distribution, make immediate payment of the shares of the persons named in the respective vesting orders to the attorney general of the United States. This can be done only after there has been a determination of heirship. The court retained jurisdiction of said proceedings to make such further order or judgment with respect to distribution as may be necessary. This might be a sufficient safeguard. The orders, however, seem to be premature and the petitions of the state should not be denied until heirship has been determined. Although its chance of sharing in these estates seems to be remote, it can do no harm to permit the state to remain a party in interest in the proceedings and all questions can be determined at the time of the hearing on the final account and the determination of heirship. The funds can safely be held by the public administrator and a reasonable time can be given to the attorney general of the United States to present his proofs that each of said decedents has known heirs and that they are nationals of an enemy country.

*By the Court.*—The order entered August 1, 1950, in the estate of John Rade, deceased, is affirmed. The orders entered October 2, 1950, in the estates of Stephen Kern, Martin

Mack, and Johanna Reis, deceased, are reversed and causes remanded with directions to enter orders consistent with this opinion.