Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, Petitioner,

v.

Hilbert F. P. DREWS, as Administrator c.t.a., d.b.n., of the Estate of Herman Epcke, Deceased, Respondent.

No. 55-C-249.

United States District Court
E. D. Wisconsin.

Sept. 18, 1956.

**882**

Edward G. Minor, U. S. Atty., and Arnold W. F. Langner, Asst. U. S. Atty., Milwaukee, Wis., for petitioner.

Frederick & Mantyh, by William J. Mantyh, Milwaukee, Wis., for respondent.

Vernon W. Thomson, Atty. Gen. of Wisconsin, and Beatrice Lampert, Asst. Atty. Gen., for the State of Wisconsin.

GRUBB, District Judge.

This case is before the court upon order that the respondent show cause why he should not comply with Vesting Order No. 5548, dated January 7, 1946,

" * * * by delivering to the petitioner the property referred to in the said Vesting Order."

By amendment dated February 18, 1952, the property described in said vesting order is

" * * * all property in the possession, custody or control of Hilbert F. P. Drews, as administrator c. t. a. d. b. n. of the Estate of Herman Epcke, deceased, acting under the judicial supervision of the County Court, Milwaukee, Wisconsin, subject, however, to the bequests of paragraphs Second, Third, and Fourth of the decedent's last will and testament executed April 1, 1933, and to all lawful debts, fees, and expenses allowed by said court, * * *."

The said vesting order also determines that named persons are, and prior to January 1, 1947 were, enemy Nationals, that the personal representatives, heirs, next of kin, legatees and distributees of named deceased persons are, and prior to January 1, 1947 were, enemy Nationals, and then vests the property in the Attorney General of the United States. In an instrument dated February 27, 1952, demand was made that the respondent pay and deliver the above property to the Attorney General.

 The order to show cause before the court invokes jurisdiction under section 17 of the Trading With the Enemy Act, as amended, 40 Stat. 425, 50 U.S.C.A.Appendix, § 17. This proceeding is a summary proceeding to reduce to the possession of the Attorney General property previously vested by Vesting Order No. 5548.

 It is the decision of this court that the instant action under section 17 is a possessory action only, not to be delayed by defenses or claims to the property asserted by third persons. National Savings & Trust Co. v. Brownell, 1955, 95 U.S.App.D.C. 370, 222 F.2d 395. Claimants to the property reduced to the Attorney General's possession are confined to such judicial proceedings as they may bring under section 9(a) and such administrative proceedings as they may initiate under section 32. This summary possessory proceeding does not ascertain the rights of claimants to the property seized. It does not determine the question of title. Brownell v. National City Bank of New York, D.C.1955, 131 F. Supp. 60. A vesting order determination is conclusive whether right or wrong. Clark v. E. J. Lavino & Co., D.C.1947, 72 F.Supp. 497. The power of Congress to authorize a summary possessory action under the war power is unquestioned despite the fact that strictly possessory action may not any longer survive in certain states. Central Union Trust Co. of New York v. Garvan, 1921, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403.

The respondent in this case and the State of Wisconsin maintain that there must first be a final accounting and determination of heirship in the County Court of Milwaukee County before this Federal District Court may reduce the named enemy alien's property to possession. In re Estate of Rade, 1951, 259 Wis. 169, 47 N.W.2d 891, holds that a County Court in Wisconsin may not itself order a turn-over of the "interests" of enemy aliens to the Attorney General of the United States before presentation of proofs and a determination of heirship. The case involved a "right, title and interest" vesting order (to be distinguished from the "res" vesting order in the instant case). The case did not involve a proceeding in Federal District Court under section 17. Other cases cited by the respondent and the State of Wisconsin go upon the ground generally that the Attorney General takes only enemy alien legatee's "rights". These cases are invariably "right, title and interest" cases. Brownell v. Edmunds, D.C.1953, 110 F.Supp. 828 goes upon that ground as well as upon the ground that the legacy involved did not come within the terms of the Trading With the Enemy Act. In the case of "right, title and interest" vesting orders, or where the very existence of the property is in issue, or when the question is whether the Trading With the Enemy Act applies, some preliminary determination may be needed, such as a finding of heirship.

In cases like the one before the court where the property is identified and has all been included within the terms of a "res" vesting order, the District Court can only order and direct the respondent to comply with Vesting Order No. 5548 by delivering to the petitioning Attorney General the property referred to in the said vesting order. The petitioner is also to have his costs and disbursements.

Counsel for petitioner is directed to prepare a proper order in conformity herewith and to present it to respondent for approval as to form only.