Martin, C. J.
 

 Katherine Kavanaugh died in January, 1953. A claim was filed in her estate by one Frances Brennan and on October 13, 1955, the court disallowed said claim and found that the deceased died intestate and without any known heirs-at-law. A final decree was entered in 1959 directing the entire estate to be distributed to the state of Wisconsin under sec. 237.01 (7), Stats., which provides that the estate of an intestate leaving no heirs shall escheat to the state and be added to the capital of the school fund. The official receipts of the state treasurer for said funds are dated June 8 and November 12, 1959, respectively, and total $86,127.43. Respondents’ petition was filed October 29, 1959.
 

 
 *621
 
 • Sec. 318.03 (4), Stats., provides:
 

 “The moneys received by the state treasurer pursuant to secs. 237.01, 238.136, and 318.03 (1) shall be paid to the owner on proof of his right thereto. The claimant may, within seven years after the date of publication by the treasurer of notice of receipt thereof as provided by sec. 14.42 (IS), file in the county court in which the estate was settled, a petition alleging the basis of his claim to the residue or to the legacy or share. The court shall order a hearing upon the petition; and twenty days’ notice thereof shall be given by the claimant to the attorney general, who shall appear for the state at the hearing. If the claim is established it shall be allowed without interest; and the court shall so certify to the director of budget and accounts, who shall audit and the state treasurer shall pay the same. . . .”
 

 The proceedings provided for therein were followed in this matter.
 

 It is admitted by the state that Chauncey B. Corcoran arid his sister, Theresa Marie Gombeau, now deceased, were heirs of Katherine Kavanaugh. It contends, however, that the petitioners are not entitled to the residue of her estate because they have not established, in a proper proceeding, that there are no living heirs with prior claims to the money.
 

 There was evidence that Katherine Kavanaugh had two nieces, Ethel Haggerty and Helen Kavanaugh. An heir-tracer, who made a search of several months’ duration for heirs of Miss Kavanaugh, was unable to locate any relatives other than the petitioner and his sister. It was shown that Ethel Haggerty, born in 1894, left the home in Chicago where she lived with her parents after her parents’ death in 1930, and was not heard from thereafter. The other niece, Helen Kavanaugh, disappeared from her home around 1908 and has not been heard from since that time. The trial court found both of the nieces are dead and the only known living heirs of Katherine Kavanaugh at the time of her death were Chauncey B. Corcoran and Theresa Marie Gombeau.
 

 
 *622
 
 That finding is challenged by the state both on the ground that the county court had no jurisdiction to make a finding of death based on absence in proceedings under sec. 318.03 (4), Stats., and on the ground that the evidence on which the court based that finding was insufficient to support it.
 

 In our opinion the state has no'appealable interest in this matter. It' not only concedes that there is evidence to sustain the finding that respondents were heirs of the deceased, but it admits that legal heirs exist. That being so, it is no longer a party in interest.
 

 The state takes and holds escheated property as a trustee.
 
 Estate of Payne
 
 (1932), 208 Wis. 142, 242 N. W. 553. If there is an heir, there can be no legal escheat. 19 Am. Jur., Escheat, p. 413, sec. 52.
 

 In
 
 Estate of Rade
 
 (1951), 259 Wis. 169, 173, 47 N. W. (2d) 891, this court held:
 

 “The state contends that, even though there are known heirs of a decedent and even though there has been a determination of heirship, the residue of the estate does not automatically become the property of such heirs and that it becomes the property of an heir only when it is claimed ‘by the heir’ as provided by said statute. We cannot agree with this strict construction.
 
 When it is established that a decedent leaves known heirs the state has no interest in the residue of said estate
 
 except in remote instances where no claim is made for the share of a known heir. [Emphasis supplied.]”
 

 Here the state maintains that its duty to protect the school fund entails the preservation of the interests of other potential claimants. We do not agree. If other heirs appear— and we are advised that one has appeared and is petitioning the county court of Milwaukee county for vacation of the judgment here appealed from — they have a right to claim against Chauncey B. Corcoran and the estate of Theresa
 
 *623
 
 Marie Gombeau. As stated in 19 Am. Jur., Escheat, p. 414, sec. 53:
 

 “Claimants who were not parties to, and had no notice of, escheat proceedings in which other heirs were found to be entitled to the property may sue such persons for a share in the property within the period allowed heirs to recover escheated property.”
 

 The attorney general’s appearance at a hearing under sec. 318.03 (4), Stats., is to protect the state against spurious claims. Once it is established that there are heirs to escheated property, the state no longer has any right or interest in the property. The attorney general has no duty and no authority to contest the distribution of the estate on the ground that other heirs may exist who have a better claim. If there are any heirs at all, the state has no right to the property and it is for the court, not the attorney general, to determine which of the heirs is entitled to it. Under the statute, the state is protected from future claims by the certification of the court to the director of budget and accounts and the state treasurer, ordering audit and payment of the property to those it has adjudged entitled thereto.
 

 As mentioned above, this court is advised that one Kathleen Whitehead English is petitioning the lower court to vacate its judgment, alleging she is the great-niece of Katherine Kavanaugh. This opinion is without prejudice to the petition of Mrs. English, and we assume the county court of Milwaukee county will afford said petitioner the opportunity to establish her claim.
 

 By the Court.
 
 — Appeal dismissed.