ESTATE OF SMITH: SMITH and another, Appellants, v. STATE, Respondent.*

*February 8—March 6, 1962.*

* Motion for rehearing denied, without costs, on May 1, 1962.

For the appellants there was a brief by *Wilkie, Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Clarence G. Bylsma.*

For the respondent the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

HALLOWS, J.   Sec. 318.03 (4), Stats.,[1] embraces cases both of unclaimed legacies and of intestate property. This is a case of an unclaimed legacy and at the time it was ordered paid to the state, its owner was known but his whereabouts was not. The facts in this case are to be distinguished from a case of intestate property paid to the state whose owners are not known or determined.

The state argues, as it has on previous occasions, the trial court was without jurisdiction under sec. 318.03 (4), Stats., to order payment to a person other than the adjudicated owner unless transfer of his title has been duly established in some other proceeding. This concept of the court's jurisdiction is erroneous. The court has the power to determine the rights of a petitioner under this statute, and even to err in doing so. However, these petitioners may not be able to prove they are entitled to the funds.

---

[1] "318.03 ESCHEATS. . . .

"(4) The moneys received by the state treasurer pursuant to secs. 237.01, 238.136, and 318.03 (1) shall be paid to the owner on proof of his right thereto. The claimant may, within seven years after the date of publication by the treasurer of notice of receipt thereof as provided by sec. 14.42 (15), file in the county court in which the estate was settled, a petition alleging the basis of his claim to the residue or to the legacy or share. The court shall order a hearing upon the petition; and twenty days' notice thereof shall be given by the claimant to the attorney general, who shall appear for the state at the hearing. If the claim is established it shall be allowed without interest; and the court shall so certify to the department of administration, who shall audit and the state treasurer shall pay the same. . . ."

The petitioners claim the funds under the will of Bryant Smith. They do not claim the funds as heirs of Wallace Smith. On this theory, the court would be required to find Wallace Smith, who had last been heard from in 1932, died without issue, at least prior to the death of Mary A. Smith on August 12, 1939. Such a finding, based upon a presumption of death, cannot now be made because, on the same facts, the court in the proceedings probating the estate of Bryant Smith, determined on February 5, 1954, Wallace Smith was the owner of the legacy and the facts surrounding his disappearance in 1932 were such it could not find he was not still alive. This order was not appealed from and cannot now be attacked collaterally and vitiated by a new finding. The claimants neither state nor can prove their ownership to the funds under the will of Bryant Smith.

The petitioners argue property may only escheat when there is a total failure of succession and the court may in this proceeding adjudicate that Wallace Smith died and they are his heirs effective as of the date of the filing of the petition. Under this theory, the petitioners claim, as brothers of Wallace Smith, they are more entitled to the legacy than the state of Wisconsin, relying on *Estate of Rade* (1951), 259 Wis. 169, 47 N. W. (2d) 891, and *Estate of Kavanaugh* (1960), 11 Wis. (2d) 619, 106 N. W. (2d) 405. Neither of these cases is applicable to the facts here. *Rade* involved the question raised in the probate proceeding of whether the state of Wisconsin could claim property belonging to known heirs living in Bulgaria who could not claim the legacy because they were residents of an enemy country. The court denied the strict construction of the word "heirs" contended for by the attorney general and distributed the money to the attorney general of the United States as successor to the alien property custodian in whom title to the property was vested by the Trading with the Enemy Act. *Kavanaugh*

involved a construction of sec. 318.03 (4), Stats., applied to a case of intestacy and a finding there were no known heirs. In determining one Corcoran was an heir of the intestate, the court applied the presumption of death to two persons who, under the presumption, were dead prior to the death of the intestate. Thus Corcoran was not claiming through these deceased heirs but directly as an heir of Kavanaugh. We held Corcoran, as an heir, was in the class of ownership and had a right to the funds as against the state of Wisconsin, but did not determine his rights as an heir as against other heirs.

The petitioners here, however, are using the language of *Kavanaugh* to prove, if the presumption of death of Wallace Smith is applied, they are heirs of Wallace Smith and the state of Wisconsin has no right or interest in the fund. The application of *Kavanaugh* to the facts before us would eliminate the necessity of administering the estate of Wallace Smith and determining his heirship in such a proceeding. This, we do not believe is within the contemplation of sec. 318.03 (4), Stats. If Wallace Smith died within the seven years in which he could have claimed the funds, the claim would have been an asset of his estate. Sec. 253.035 (2). In that proceeding, there would have been a determination of heirship and upon such determination, the petitioners' rights, if any, would arise. Such an administration proceeding might have been found upon the presumption of death from absence and, if upheld by the court, the funds paid to the administrator. Determining the death of Wallace Smith in a proceeding under sec. 318.03 (4) would not determine whether Wallace Smith died testate or intestate or with or without issue. True, the petitioners are brothers of Wallace Smith, but their petition, to state a claim for the unclaimed legacy of Wallace, must show more than that fact and the death of Wallace Smith.

We note, in the brief on behalf of the state, a reference to circumstances surrounding the disappearance of Wallace Smith in 1932 and to the fact he was married and had two adopted children. Such matters dehors the record are improper, and costs will not be allowed.

The order dismissing the petition will be affirmed, not on the ground the trial court lacked jurisdiction but for the reasons stated in this opinion.

*By the Court.*—Order affirmed; no costs to be taxed.