In the Matter of the ESTATE OF Hannah G. SIMONIN,

James D. NEVILLE, Appellant,

v.

The ESTATE OF Hannah G. SIMONIN, Deceased, Respondent.

No. 44921.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1982.

Sestric, Karohl, LaBarge, Korum & Russell, Kent E. Karohl, Kirkwood, for appellant.

George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Claimant James Neville's propositus, Hannah Simonin (decedent), died intestate in 1973, leaving an estate of over $92,700.00. Decedent's administrator determined she had no known heirs, and on the final settlement of her estate paid the money to the state Director of Revenue for deposit in the state's "escheats" fund pursuant to § 470.-010, RSMo 1978 (all further references to statutory sections are to RSMo 1978):

If any person die intestate, seized of any real or personal property, leaving no heirs or representatives capable of inheriting the same . . . such real and personal estate shall escheat and vest in the state, subject to and in accordance with the provisions of sections 470.010 to 470.260 [hereafter the Act].

An amateur genealogist studying escheat fund estates later discovered after considerable research that claimant, retired and residing in Florida, was an heir of decedent, both being descendents of the decedent's maternal grandparents and related at the fifth degree of consanguinity as first cousins once removed. See: § 474.010(2)(c).

Claimant petitioned for decedent's estate under § 470.040:

Within twenty-one years after any money has been paid to the state director of revenue by an executor or administrator [for deposit in the escheats fund] . . . any person who appears and claims the same may file his petition in the court in which the final settlement of the executor or administrator . . . was had, stating the nature of his claim and praying that the money be paid to him, a copy of which petition shall be served upon the prosecuting attorney, who shall file an answer to the same.

Claimant petitioned for the entire estate as decedent's "closest living relative." Though the prosecuting attorney did not contest claimant's petition (and in fact did not even answer it), the trial court's order from which claimant appeals denied it on the ground "[c]laimant has failed to prove . . . entitlement [to the entire sum] through diligent search, inquiry or advertisement, and the evidence of heirship of decedent as offered was speculative and uncertain." Though one meaning of the order's last clause standing alone could be that claimant failed to prove heirship at all, when we examine the order in its entirety, *W.H. Powell Lbr. Co. v. Federal Land Bank, etc.*, 561 S.W.2d 700, 703 (Mo.App. 1978), and get its sense with reference to the pleadings and the record, *Allen v. Gibbons*, 425 S.W.2d 243, 246 (Mo.App. 1968), the doubtful clause merely iterates the trial court's conclusion that claimant failed to prove entitlement to the entire estate as decedent's *sole* heir. That ground for decision rests on an erroneous declaration and application of the law, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and we vacate the order and remand this cause for further proceedings.

■ The standard prescribed in the Act for determining claims like this one is set out in § 470.050:

The court shall examine the claim, and the allegations and proofs, and if it finds that the person is entitled to any money so paid to the state it shall order the commissioner of administration to issue his warrant on the state treasurer for the amount of the claim, but without interest or costs . . . .

Although heirship in Missouri is allowed to the ninth degree of consanguinity, § 474.-010(2)(d), and some fifteen years remain during which other heirs of decedent, if any, could make claims on her escheated estate, claimant's entitlement thereto is established *prima facie* when he shows in a proper proceeding he is *an* heir of decedent and that claims by any others have been foreclosed. We discuss the latter requirement below. But claimant is not required to affirmatively show, in effect, the non-existence of other heirs and claimants through the ninth degree of consanguinity to decedent. That is more than the Act requires to establish entitlement to the estate.

■ Claimant argues that by giving notice of this proceeding to the prosecuting attorney and by proving his relationship to decedent, he has done all the Act requires of him to recover the amount of his claim. Claimant on remand must show more than that. The order claimant seeks is like a judgment in an action *quasi in rem,* in that it secures his interest in the subject property and extinguishes or establishes the non-existence of similar interests of particular persons. See *Shaffer v. Heitner,* 433 U.S. 186, 199 n. 17, 97 S.Ct. 2569, 2577 n. 17, 53 L.Ed.2d 683 (1977) *quoting Hanson v. Denckla,* 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228, 1235 n. 12, 2 L.Ed.2d 1283 (1958). Because a proceeding *quasi in rem* is really a proceeding to determine the interests of persons in a thing, *Shaffer v. Heitner,* 433 U.S. at 207, 97 S.Ct. at 2581, it must appear that the means employed to perfect claimant's claim satisfied the rudiments of due process, notwithstanding that he mechanically followed the procedure the Act prescribes.

"First, it must appear that the defendant over whom the jurisdiction is asserted had such 'minimum contacts' with the State as to render it consistent with 'traditional notions of fair play and substantial justice' that he be compelled to defend himself there." *Slivka v. Hackley,* 418 S.W.2d 89, 91 (Mo. 1967). We assume, though we need not now hold, that the interests of other heirs, if any, in the estate to be disposed of in this proceeding would supply sufficient "minimum contacts" to validly determine their rights therein. *See, e.g.: Rush v. Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980); *In re marriage of Breen,* 560 S.W.2d 358, 361 (Mo.App. 1977).

The second requirement is set out as follows in *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950):

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

The Supreme Court went on to acknowledge that in the case of persons whose interests or whereabouts could not with due diligence be ascertained, "employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317, 70 S.Ct. at 658. But due diligence in trying to identify and give notice to those with claims on this estate must nevertheless be shown, and that requires something more than serving a copy of the petition on the county's prosecuting attorney.

We vacate the order denying claimant's petition, and remand the cause for further proceedings consistent with the opinion.

REINHARD, P.J., and SNYDER, J., concur.