In the Matter of the ESTATE OF
Gilford WILLARD, Deceased.

Melba H. Peters, May Jane Hofmann
and the Estate of Walter B. Bathke,
Petitioners-Appellants.

No. 46506.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

C. Lawrence Mueller, St. Louis, for petitioners-appellants.

John Carmen Parisi, St. Louis, for respondent.

KAROHL, Presiding Judge.

Appellants-claimants petitioned the Probate Court for an order to require the treasurer of the state of Missouri to pay them $24,273.41 from the "Escheat" Fund. § 470.020, § 470.040 and § 470.050.[1]

The petition alleges and the record supports the following: (1) Gilford Willard died intestate on November 22, 1977; (2) his estate was probated by the public administrator of St. Louis County, Missouri; (3) he died the widower of Marcella Willard, nee Bathke, leaving no known blood kindred; (4) Marcella Willard died on June 23, 1960 and was survived by her father, Walter Bathke, and two sisters Melba H. Peters and May Jane Hofmann; (5) Walter Bathke survived Gilford Willard and died on February 15, 1981 leaving as his heirs, the claimants, Melba H. Peters and May Jane Hofmann; (6) the final settlement in the probate estate reflected a cash balance of $24,273.41; (7) on April 28, 1980, on the oath of the public administrator the probate court authorized the sum of $24,273.41 to be paid to the "Escheat" fund; and (8) appellants filed the petition on November 23, 1981.

Appellants based their claim on § 474.-010(3). They contend that Gilford Willard died a widower with no kindred entitled to

1. All statutory references are to RSMo 1978.

inherit and that according to § 474.010(3) and § 470.050 as the closest relatives of decedent's predeceased wife they were entitled to the $24,273.41 in the "Escheat" fund.

The Probate Court found that claimants were "sisters of decedent's wife who predeceased him" but denied the claim because the evidence failed "to prove that decedent left surviving him no persons related within the ninth degree" and that petitioners were his only heirs and entitled to all or any part of his distributable probate assets. Relying on *State ex rel. Henry v. Malhman*, 386 S.W.2d 1 (Mo.1965), the Probate Court applied the burden of proof required of the state when it seeks to have an escheat of real estate judicially declared. § 470.060 et seq. *Malhman* reversed a judgment of escheat effecting decedent's land which was contested by tenants. The court there said, "There is, however, a burden of proof imposed *upon the state* to show that there are no known heirs ..." (emphasis added). *Id.* at 5. The state was held to this burden because of the presumption of law, "... raised in favor of the existence of some person who is capable of inheriting the estate of the decedent ... This presumption ... is so strong, that it can only be overcome by positive proof of the want of persons capable of taking the estate under the laws of descent and distribution ..." *Id.* at 4.

We find that claimants should not be held to this burden of proof. Its use erroneously declares and applies the law and we reverse and remand with directions. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. App.1976).

Petitioners based their claim of right on the laws of descent and distribution, § 470.010(3) coupled with § 470.040. They claim a cash sum that has not yet escheated. It has merely been paid into an "Escheat" fund under the authority of § 470.020. It will not escheat unless the fund remains unclaimed for twenty-one years. § 470.230.

Appellants occupy a completely different position than the state when it seeks a judicial declaration of escheat for real estate on the basis that no claimant exists. In *Malhman* the state originated a proceeding to secure a judicial escheat under the provisions of § 470.060–470.160. The state there maintained, in effect, "We do not own the land by inheritance but we claim it because it belongs to no other." Under these circumstances the burden of proof assigned by the Supreme Court is appropriate to the sovereign. However, the present claimants have said, in effect, "We are the owners by intestate inheritance." If they succeed it is because of their own claim of right and not because there were no claims by other parties.

The Probate Court found that petitioners have a claim of right as the closest known persons under § 474.010 but refused to release the money to them because some unknown blood kindred *may* have a superior claim. There is no evidence to support a finding that such kindred do exist. Even if there are proper claimants if they fail to appear within the twenty-one years provided by statute the fund will escheat. This would permit an escheat of monies deposited in the "Escheat" fund even when there are known persons entitled to it under § 474.010(3).

Here, the state represented by the prosecuting attorney, concedes that the state is not entitled to the money. It merely argues that claimants *may* not be the proper persons to inherit the funds, and that there *may* be kindred within the ninth degree with a superior claim. It does not and cannot argue that such persons do exist based upon any evidence or any inferences or presumptions reasonably flowing from the evidence.

The record discloses substantial proof that Gilford Willard died with no kindred heirs. At the time of his death and for some years prior he was the ward of three legal guardians, the last of whom was the same public administrator who probated his estate. The public administrator made an extensive search while guardian and personal representative in the probate estate, and he testified during the hearing on this

claim that there were no known heirs. Representatives from the V.A. Hospital testified that their records indicated no known heirs. Former neighbors of the decedent so testified. The decedent was quoted in testimony to have said, "I ain't got nobody."

We turn to what is required of a claimant of monies deposited in the "Escheat" fund. A claim must be filed within twenty-one years from the date of pay-in; the nature of the claim must be stated and a request for "the money" made; a copy of the petition must be served upon the prosecuting attorney who shall file an answer. § 470.040. In contrast to a proceeding by the state for a judicial escheat, no requirement is made for publication notice to any unknown, possible, superior claimants. See § 470.080. The court examines the claim, the allegation and proofs, and "if it finds that the person is entitled to any money so paid to the state it *shall* order the commissioner of administration [treasurer] to issue his warrant on the state treasurer for the *amount of the claim*, but without interest or costs ..." § 470.050. (emphasis added). There is no requirement that the court determine that there may be a person with a superior claim based on § 474.010. We recently held that the "... claimant is not required to affirmatively show, in effect, the non-existence of other heirs and claimants through the ninth degree of consanguinity to decedent." *In the Matter of the Estate of Simonin*, 637 S.W.2d 783, 785 (Mo.App.1982). The *Simonin* opinion may not have been published at the time the Probate Court ruled in this case.

The provisions of § 470.040 and § 470.050 should be read and applied in conjunction with the publication notice provisions of § 473.040 (notice where there are no known heirs) and § 473.587 (notice of final settlement and petition for distribution). The public administrator complied with these notice publication requirements. Notice was legally served on the possible kindred heirs of Gilford Willard. Their possible position has not been ignored. Section 470.040 requires no further publication.[2]

Appellants have a valid claim to the $24,273.41 in the "Escheat" fund. There is no need for them to prove that there are no other closer blood heirs. We vacate the order denying claimants' petition and remand with directions that the claim be allowed in favor of appellants and that such orders be issued to cause payment to them in the amount of their claim from the "Escheat" fund.

REINHARD and CRANDALL, JJ., concur.

---

2. The question of the rights of a superior claimant, if one later appears, to make a claim against the present appellants is not before the court in this appeal.