In re the ESTATE OF Matthew M.
McMORROW, Deceased.

Appeal of Josephine M. BRESNAHAN,
et al., Petitioners-Appellants.

No. 13957.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 25, 1986.

Russell A. Willis III, St. Louis, for petitioners-appellants.

No appearance for respondent.

PREWITT, Chief Judge.

On April 28, 1986, this district filed an opinion affirming the judgment. Thereafter, on May 19, 1986, this district denied appellants' motion for rehearing or to transfer to the Supreme Court. Appellants then filed an application for transfer with the Supreme Court. It sustained the application on July 15, 1986. On November 17, 1986, the Supreme Court entered the following order: "Case retransferred to Missouri Court of Appeals, Southern District." With the addition of this paragraph our original opinion is readopted. It is set out hereafter.

Appellants sought, from the state, money paid by the estate of Matthew M. McMorrow into the "Escheats" fund established by Chapter 470, RSMo 1978. The trial court denied appellants' petition.

Matthew M. McMorrow died intestate on April 30, 1967. According to the probate records of his estate, he was survived by a sister, Katherine A. Wise, who initially administrated his estate, and by a brother, Joseph McMorrow, whose whereabouts was unknown. Katherine Wise died on March 18, 1969. As Matthew M. McMor-

row's estate had not been closed, a successor administrator was appointed.

All property owned by Matthew M. McMorrow at his death was sold by the estate. The final settlement reflects that at the time of closing, the estate's assets consisted solely of money. According to the order approving the final settlement, entered on November 19, 1973, Joseph McMorrow and the estate of Katherine Wise were each entitled to one-half of the funds. As Joseph McMorrow had not appeared to claim his portion, on January 21, 1976 the probate court ordered the administrator to pay $53,667.59, Joseph McMorrow's share including interest, into the escheats fund.

On March 12, 1984, appellants filed a petition to receive Joseph McMorrow's share. They claim to be "second cousins, once and twice removed, to the decedent [Matthew M. McMorrow]." After the prosecuting attorney filed an answer denying "each and every allegation contained in the Petition", an evidentiary hearing was held. Appellants introduced evidence that they were related to Matthew M. McMorrow within the degree that they might inherit from him under § 474.010, RSMo Supp. 1984 and that he had no known relatives with a prior right of inheritance. There was also evidence that Joseph McMorrow had married and stayed in France following service there in World War I. Attempts to locate him in 1970 in connection with Katherine Wise's estate were unsuccessful. Following the hearing the trial court entered the following order:

Now on this 20th day of August, 1984, the Court having heard testimony and evidence presented by Petitioners in support of their claim to funds previously escheated to the State of Missouri, finds that there remains doubt as to whether or not there is now living persons who are heirs of Matthew M. McMorrow.

Petitioners have presented letters and correspondence indicating inquiry had been made in France in 1970 in connection with another matter regarding Matthew M. McMorrow, however petitioners have presented no evidence that they have made an effort to determine whether or not there are heirs of Joseph McMorrow living.

The Court further finds that petitioners have not complied with provisions of Section 470.040 and 470.050 in conjunction with publication notice, in provision 473.040.

THEREFORE, the Court finds that petitioners have not established a right to the escheated funds and the Court denys petitioners claims and dismisses petitioners claim at petitioners costs.

The applicable portions of the "escheat" statutes are hereafter summarized. "Within one year after the final settlement", if an administrator has "a balance in his hands belonging to some legatee or distributee who is a nonresident or who is not in a situation to receive the same and give a discharge thereof or who does not appear by himself or agent to claim and receive the same", this balance, upon order of the court, is to be paid to the "Escheats" fund. §§ 470.010, .020, RSMo 1978 and Supp. 1984. See also 4 Maus, Probate Law and Practice, § 1249, p. 456 (1960).

Within twenty-one years after the money is paid to the escheats fund, persons claiming it may petition the court where the estate was probated requesting that they receive the money. § 470.040, RSMo 1978. If that court "finds that the person is entitled to any money so paid to the state it shall order the commissioner of administration to issue his warrant on the state treasurer for the amount of the claim". § 470.050, RSMo 1978.

The state has not filed a brief here and does not otherwise appear. As best we can determine from its contentions at trial and from the documents filed in the trial court, the state claims that the evidence did not foreclose the possibility that there were heirs of Joseph McMorrow who would have a right to the money superior to appellants and that there was no publication under § 473.040, RSMo 1978.

■ Whether § 473.040, RSMo 1978, applies here can be quickly treated. That section requires publication of a notice if there are no known heirs of an intestate. It is not applicable as there was at least one known heir of Matthew M. McMorrow, his sister, Katherine Wise. After her death, her estate received her share. The funds in question were paid into the escheats fund because Joseph McMorrow did not claim them, not because Matthew M. McMorrow had no heirs.

Appellants contend that they are entitled to the money because they have established that they are sufficiently related to Matthew M. McMorrow to be his heirs and they are not required to establish that there is no one with a superior right to inherit. They rely on *In re Estate of Willard*, 674 S.W.2d 139, 141 (Mo.App.1984); *In re Estate of Simonin*, 637 S.W.2d 783, 785 (Mo. App.1982); and *In re Estate of Kavanaugh*, 11 Wis.2d 619, 106 N.W.2d 405 (1960).

*Willard* and *Simonin* do not involve a distributee entitled to inherit who does not appear to claim the inheritance. Likewise, appellants' reliance upon In re Estate of Kavanaugh, supra, is similarly misplaced. *Kavanaugh* was distinguished in a case more akin to the situation before us. See *In re Estate of Smith*, 16 Wis.2d 118, 113 N.W.2d 841 (1962). See also *In re Estate of Rosenstein*, 47 Wis.2d 494, 177 N.W.2d 372, 375 (1970); *In re Estate of Hatzl*, 24 Wis.2d 64, 127 N.W.2d 782, 786 (1964).

■ In *Smith*, a legatee's whereabouts was unknown. The final settlement provided that the legatee would receive a portion of the estate. After several years, the missing legatee's share was paid to the state. Thereafter, his brothers filed a petition claiming the legacy. A denial of their petition was affirmed. The appellate court determined that an estate should be opened for the legatee, which estate could claim the funds if it was determined that the legatee was dead or presumed dead. During administration of the estate, it could be determined who was entitled to claim the

funds through the legatee. We find the reasoning in *Smith* persuasive.

In Matthew M. McMorrow's estate, the decree of final distribution determined that Joseph McMorrow inherited half of the estate. As no appeal was taken from that order it was a conclusive determination that Joseph McMorrow was entitled to receive the funds. See § 473.617.4, RSMo 1978 (since amended, see RSMo Supp.1985); *Carpenter v. White*, 664 S.W.2d 276, 279 (Mo.App.1984).

If Joseph McMorrow is alive, then he is entitled to the money in the escheats fund. If he is dead, then his estate should receive it. If his death cannot be established and he cannot be located, then he might be presumed dead. See § 472.290(3), RSMo Supp.1984; § 473.697, RSMo Supp.1984; § 490.620, RSMo Supp.1984; 5 Maus, Probate Law and Practice, §§ 1561–1566 (1960). See also *McAdoo v. Metropolitan Life Ins. Co.*, 233 Mo.App. 900, 110 S.W.2d 845, 849 (1937) (states common law rule on presumption of death after noting that it was not affected by statute also covering the presumption); *Unwin v. John Hancock Mut. Life Ins. Co.*, 43 S.W.2d 899, 901 (Mo.App.1931) (presumption of death applied to person not living in Missouri). Whether the presumption of death could apply to Joseph McMorrow we do not decide.

If an estate is opened, notice and other protection can be given to Joseph McMorrow and those that may have an interest in his estate. See §§ 473.033, .587, .697, RSMo Supp.1984; §§ 473.703, .713, RSMo 1978; 5 Maus, supra, §§ 1567–1581.

■ As either Joseph McMorrow or his estate is entitled to the money paid into the escheats fund, appellants are not entitled to it. Although the trial court's reasoning does not coincide with ours, it properly denied appellants' petition. A correct decision of the trial court will not be disturbed because the appellate court disagrees with the trial judge's reasoning.

*Reed v. Foulks,* 675 S.W.2d 695, 697–698 (Mo.App.1984).

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.