WALKER, Respondent, vs. BORLAND & OTHERS, Appellants.

1. In an action of trespass for selling property of the plaintiff under execu-tion against another, the measure of damages, in the absence of any ag-gravating circumstances, is the value of the property *at the time of the tres-pass* and interest to the trial.

## *Appeal from Jasper Circuit Court.*

Trespass for the seizure and sale under an execution against James Walker, of a horse, some cows, calves and other cattle belonging to the plaintiff. The defendants were Nancy Bor-land, the plaintiff in the execution, and her securities in a bond given to indemnify the sheriff for selling after a sheriff's jury

had found the property to belong to the plaintiff.    There was a judgment by default for want of an answer, and a writ of inquiry ordered.    At the execution of the writ, the plaintiff was allowed to show the present value of the cattle, taking into consideration their growth and rise in value, and the court instructed the jury as follows :

" The criterion of damages in the above case is not the value of the property at the time of seizure and sale, but the jury may allow plaintiff damages for the natural growth of the property since the sale, together with its value at that time."

" The jury may assess damages in this case to compensate plaintiff for all the damages which he has sustained by reason of the seizure and sale of the property."

An instruction asked by the defendants that the measure of damages was the value of the property at the time of the seizure by the sheriff, with interest to the trial, was refused.

The defendants appealed from the judgment for the damages assessed under this ruling.

*Edwards*, for appellant.

*Wright*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The only point made before us in argument is in reference to the measure of damages, and in this we think the court erred. It is desirable to have as definite and precise rules upon this subject as possible, and a proper administration of justice requires that these rules should be strictly adhered to.    It is in vain that the legal rights of the parties are settled by the courts if the amount of compensation for violations of these rights is left to the arbitrary discretion of a jury, and hence it is both the policy and tendency of our law to reduce the measure of damages, in all cases where it is practicable, to fixed legal rules, and to enforce a rigid adherence to them.

" Damages," Lord Coke (Co. Lit. 257, *a*) tells us, " hath a special signification for the recompense that is given by the jury to the plaintiff for the wrong the defendant hath done

Walker *v.* Borland.

him." These damages, however, are sometimes vindictive, as well as compensatory. But compensation for the actual loss sustained is the professed object of the law, except where there has been fraud, oppression, malice, or gross negligence ; and in these cases, a different rule is adopted, and the jury are allowed to award exemplary damages, not only to compensate the sufferer, but also to punish the offender. (Sedgwick on Damages, 2 ed., 38, 57.)

The most favorable measure of damages for the plaintiff, on account of the wrong here complained of, and that to which, we think, he is entitled, is that which would have been applicable, had the action been against the execution plaintiff for the alleged seizure and sale of the property—trespass *de bonis asportatis ;* and, in that event, there being no aggravating circumstances in the transaction, the damages would have been confined to the actual loss sustained—the value of the property and interest, allowing nothing for the profits the party might have made by raising the stock. It is said by Sedgwick (Law of Damages, 69,) " that both the English and American courts have generally concurred in denying profits as any part of the damages to be compensated, and that, whether in cases of contract or tort."

In *Conrad* against *The Pacific Ins. Co.* (6 Pet. (U. S.) Rep. 268,) which was trespass against a marshal for seizing and selling the property of the plaintiff under an execution against another, the instructions given by the Circuit Court to the jury, as to the measure of damages, were approved by the Supreme Court of the United States upon a writ of error, and we extract a part of the charge relating to this matter. " Where a trespass is committed in a wanton, rude and aggravated manner, indicating malice or a desire to injure, a jury ought to be liberal in compensating the party injured in all he has lost in property, in expenses for the recovery of his rights, in feeling or reputation, and even this may be exceeded by setting a public example to prevent a repetition of the act. In such cases, there is no certain, fixed standard, for the jury may not only

take into view what is due to the party complaining, but to the public, by inflicting what are called in law speculative, exemplary or vindictive damages. But when an individual, acting in pursuance of what he conceives a just claim to property, proceeds, by legal process, to enforce it, and causes a levy to be made on what is claimed by another, without abusing or perverting its true object, there is, and ought to be a very different rule, if, after a due course of legal investigation, his case is not well founded." "The general rule of damage is the value of the property taken, with interest from the time of the taking down to the trial. This is generally considered as the extent of the damages sustained, and this is deemed legal compensation, which refers solely to the injury done to the property taken, and not to any collateral or consequential damages resulting to the owner by the trespass. These are taken into consideration only in a case more or less aggravated." We remark here that the action of trespass for personal property, without aggravating circumstances, is to be regarded as one of trover in reference to the measure of damages. Some difference, however, exists in the courts as to the point of time to which we are to have reference, in estimating the value of the property taken or converted. The rule of the English courts seems to be, to leave it to the jury to select any time between that of the wrong done and the trial. (*Greening* v. *Wilkinson*, 1 Car. & Payne, 344. Sedgwick on Damages, (2d ed.) 478, 479.) But in most of the American courts, the reference is to the time when the injury was committed, with interest down to the trial. (*Kennedy* v. *Whitwell*, 4 Pick. 466. *Lillard* v. *Whitaker*, 3 Bibb. 92. *Watts* v. *Potter*, 2 Mason's U. S. Cir. Ct. 76.)

In New York, the measure in some cases, it seems, is the highest value of the property between these two periods, (Per *Sutherland in West* v. *Beach*, 3 Cow. 83 ;) while in other cases, the value at the time of the trespass is adopted as the proper measure. (*Dillenback* v. *Jerome*, 7 Cow. 294. Sedgwick on Damages, 479.) In our own state, it is believed,

the practice has been to estimate the value at the time the injury was committed, and to allow interest to the time of the trial, and we see no reason to disturb it, and think it the correct rule.

In the present case, it is not pretended that there were any aggravating circumstances, and the proof was accordingly confined to the value of the property. The witnesses, after stating its value at the time of the trespass, proceeded to state what they thought it would have been worth at the time they testified, taking into consideration the growth of the animals, and the increased value of such property; and the court, at the instance of the plaintiff, directed the jury that they were not confined to the value of the property at the time of the trespass, but might allow for the growth and the present value. All this was manifestly erroneous. The effect of the evidence and instruction was to allow the plaintiff to recover, not only all the profits that he could have made, if he had kept and raised the animals—allowing, too, nothing for the expense of taking care of them, and the accidents to which they are liable—but also the increased price of such property at the time of the trial, beyond what it was worth when the trespass was committed. The damages here to be allowed the plaintiff were to be a compensation, not only for the injury actually arising from the act done, estimating the property according to its value at the time when it was worth the most, but also for profits lost; and no case, it is believed, has ever gone this length.

The judgment must be reversed, and upon a re-assessment of the damages, they must be confined to the value of the property when the trespass was committed, upon which the jury may allow interest. The judgment is accordingly reversed, and the cause remanded.