LILLIE RASSIEUR, Appellant, v. WILLIAM CHARLES and HUBERT ASKEW STANLEY, Partners, Doing Business As PRICE, WATERHOUSE & COMPANY, and O. E. FISCHER.—No. 39478.—188 S. W. (2d) 817.

Division One, June 4, 1945.

Rehearing Denied, July 2, 1945.

. *Rassieur, Long & Yawitz* for appellant.

*Thompson, Mitchell, Thompson & Young, Guy A. Thompson, Samuel A. Mitchell* and *Richard D. Shewmaker* for respondents.

120

HYDE, P. J.—This is an action: for $15,000.00 damages for alleged negligence of public accountants in preparing and auditing books and statements made in connection with plaintiff's income tax return. Demurrers were sustained to plaintiff's third petition and plaintiff has appealed from the judgment of dismissal entered.

The facts stated in the petition are summarized as follows:

(1) that defendants were public accountants engaged in the business of preparing and auditing books and records, preparing financial statements, and preparing income tax returns; (2) that plaintiff hired defendants to prepare for her a set of books which would reflect clearly the cost or value of plaintiff's securities for the purpose of determining gains or losses under the income tax laws and regulations upon a sale or sales of such securities and to prepare her income tax return and compute the taxes owed by plaintiff for the year 1940; (3) that for a valuable consideration, defendants undertook this employment and in fact did set up such a set of books and did prepare her income tax returns for the year 1940; (4) that in November, 1940, defendants falsely represented to her that she had realized a taxable profit resulting from the sale of shares of North American ▉ Company stock, and then defendants undertook to advise her that under the income tax laws she had the right to sell other securities at a loss dur-

ing 1940 for the purpose of off-setting such loss against the profit which defendants represented plaintiff had made on the sale of North American Company stock; (5) that defendants represented to plaintiff that making the sales of other securities at a loss would reduce her income tax liability for the year 1940 and that defendants advised plaintiff to make such sales; (6) that plaintiff relied on the representations made by defendants and the books and records prepared by them and did make sales of other securities which were selected by defendants with aid of plaintiff's broker; (7) that as a result of making the sales of other stocks, plaintiff received for such stocks an amount less than they had cost her and actually suffered a pecuniary loss; (8) that defendants, instead of correctly recording the proper cost to plaintiff of the North American stock, recorded the cost of such stock to her at a value which was less than its proper cost to her with the result that it appeared from the books and records prepared by defendants that plaintiff had realized a taxable gain on the sale of the North American Company stock when in fact she had sustained a capital loss on said sale; (9) that if defendants had used due care they could have ascertained the true cost to plaintiff of the North American Company stock, and that plaintiff was misled and misinformed by defendants as to the true result of her investment transaction during the year 1940.

The petition also stated that, by selling such securities in 1940, she was deprived of her right under income tax laws "to offset, in any subsequent year, any losses which might be sustained by her in the sale of the same". The petition further stated that plaintiff first learned the true facts (that the North American stock was sold at a loss instead of a gain) on November 1, 1941, and "that on November 1, 1941, the market value of the securities she sold during the months of November and December, 1940, as a result of the representations and advice of defendants, was greatly in excess of the amount she had realized from the sale of the same on broker's board". Plaintiff contends that she is entitled to recover this difference between the 1940 sale price and the November 1, 1941 market value.

Defendants do not seriously contend that this petition failed to show negligence in preparing the statement upon which plaintiff acted in selling her stocks; nor do defendants contend that they would not be liable for damages caused by their negligence. [For liability of accountants see 10 Am. Jur. 520, Sec. 7; 8 A. L. R. 462; 74 A. L. R. 1153.] Defendants, however, claim the petition failed to state a cause of action because they say that plaintiff was not damaged by sale of her securities if they were sold for their full value at the time she sold them; that their value a year later is immaterial; that nominal damages cannot be recovered in a case of this kind; and that the sale of the securities in 1940 was not the proximate cause of plaintiff's situation in November, 1941. In contending that plaintiff was not

damaged, defendants rely on cases fixing the measure of damages as the value of property at the time of loss, conversion of sale (which plaintiff received) such as cases of attorneys' negligence, as in National Hollow Brake Beam Co. v. Bakewell, 224 Mo. 203, 123 S. W. 561, and Roehl v. Ralph (Mo. App.), 84 S. W. (2d) 405; on fraud cases such as Thompson v. Newell, 118 Mo. App. 405, 94 S. W. 557; and Bell v. Butte Inv. Co. (Mo. Sup.), 250 S. W. 381; conversion cases such as Walker v. Borland, 21 Mo. 289, Brinkerhoff-Faris Trust and Savings Co. v. Home Lumber Co., 118 Mo. 447, 24 S. W. 129, Harbaugh v. Ford Roofing Products Co. (Mo. Sup.), 281 S. W. 686 and Roll v. Fidelity National Bank & Trust Co. (Mo. App.), 115 S. W. (2d) 148; and the measure of damages in cases of refusal of a seller to complete a sale (difference between contract price and market price) as stated in Great Eastern Oil Co. v. DeMert & Dougherty, Inc., 350 Mo. 535, 166 S. W. (2d) 490. We do not understand plaintiff to claim that she was entitled to recover the difference between the sale price of her stocks and their original cost; and of course that would not be a loss caused by defendants' negligence but was due instead to depreciation in value before they were employed.

Plaintiff, however, contends that a rule of damages analogous to that established in Baker v. Drake, 53 N. Y. 211, should be applied. This rule, known as the New York rule, "is that the measure of damages when a broker wrongfully sells his customer's stock is the highest market price of the stock between the time the customer ▮▮▮ has notice of a sale and a reasonable time thereafter within which he could go into the market and purchase the stock." [8 Am. Jur. 1114, Sec. 217; 12 C. J. S. 131, Sec. 57; Galigher v. Jones, 129 U. S. 193, 9 S. Ct. 335, 32 L. Ed. 658.] The basis of this rule as stated in the Galigher case is: "The real injury sustained by the principal consists not merely in the assumption of control over the stock, but in the sale of it at an unfavorable time, and for an unfavorable price. Other goods wrongfully converted are generally supposed to have a fixed market value at which they can be replaced at any time; and hence, with regard to them, the ordinary measure of damages is their value at the time of conversion, or, in case of sale and purchase, at the time fixed for their delivery. But the application of this rule to stocks would, as before said, be very inadequate and unjust." The principle applied is, as stated in Baker v. Drake, that "the customer is entitled to recover such damages as would naturally be sustained in restoring himself to the position of which he has been deprived."

We think it is obvious that for the same reason a sale at an unfavorable time and for an unfavorable price (absent the benefit of the expected off-set against a taxable gain) as the result of defendants' negligence could likewise result in injury and damage; and that the measure of damages should be the difference between the sale price and the cost of restoring plaintiff to her original position. We see

no reason why this rule should not apply to such a sale caused by negligence as well as to a sale made in violation of or without instructions. We, therefore, hold that the petition does state facts from which actual damage to plaintiff could be found.

Plaintiff considers that this rule would allow her as damages the cost of replacing her stocks within a reasonable time after discovery of the negligence of defendants, namely at November, 1941 value. However, this does not take into consideration the actual situation herein involved. Plaintiff here knew when the stocks were sold. She sold them herself to get a benefit (on her 1940 tax return) permitted by federal income tax law. Under the same law (authorizing off-set of losses on stock sales against gains on such transactions), plaintiff was permitted to repurchase the same stocks after 30 days (from the date of sales made at a loss for such purpose) without affecting her right of off-set. [26 U. S. C. A., Sec. 118.] Therefore, after the end of this 30 day period, plaintiff was free to repurchase the stocks sold at defendants' direction, without in any way affecting the benefit she expected to obtain by selling them. So if she desired to own them, either as investments which she thought would produce income or increase in price or for the purpose of off-setting future capital gains if they depreciated, she was not prevented from doing so for more than 30 days by reason of the erroneous information furnished by defendants. Thus plaintiff's negligence could not have been the proximate cause of her failure to do so thereafter, because the sales which she made as a result of defendants' alleged negligence in no way affected the replacement of her holdings after 30 days. In other words, while defendants' negligence caused plaintiff to sell the stocks (to take losses for the purpose of off-setting the supposed capital gain) and likewise caused her to refrain from repurchasing the stocks in less than 30 days thereafter (because she would have lost the supposed benefit, for which she sold the stocks, by repurchase within that period), nevertheless after this 30 day period had elapsed she had no reason based on defendants' negligence, or anything resulting therefrom, for failing to repurchase these stocks, if she had any desire to own them. Thus her failure to repurchase them after that time was the result of her own choice and not of defendants' negligence.

Plaintiff also claims damage by reason of loss of future rights (on selling these stocks at a loss) to take off-sets against prospective capital gains of some later year. However, that is far too speculative (much more speculative than loss of future profits disallowed in Walker v. Borland, supra, and cases disallowing contingent speculative damages cited 10 Mo. Dig. 50, Damages 24) because it depends on plaintiff having a future capital gain (and selling when she had it), on the stocks sold remaining at the same market value (which according to the petition was not true even for one year), and on income tax

124

laws and all interpretations thereof remaining exactly the same (no comment necessary) on the matter of rates, exemptions and capital gains and losses. We, therefore, hold that, on the allegations of her petition, plaintiff is entitled to recover the difference between the sales price of her stocks and the cost of replacing them within a reasonable time after the expiration of the 30 day period.

The judgment is reversed and the cause remanded. All concur.