STATE of Missouri ex rel. Edward L. DOWD, Executor of the Estate of Henry E. Leicht, Deceased, Relator,

v.

Honorable William TURPIN, Judge of the Circuit Court of Pike County, Respondent.

No. 40668.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 23, 1979.

Dowd & Oates, Francis M. Oates, St. Louis, for relator.

E. Rex Bradley, Louisiana, for respondent.

CRIST, Presiding Judge.

Application for Writ of Prohibition to prohibit Honorable William Turpin, Judge of the Circuit Court of Pike County, from proceeding further in a cause pending before him on the ground of improper venue.

In June, 1977, Ethel and Edward Miller filed a two-count petition in the Pike County Circuit Court against multiple defendants, all of whom are non-residents of Pike County, Missouri. The first count alleged that plaintiffs and defendants had made an agreement for lease, with plaintiffs as lessees, of farm property owned by defendants, for the term of April 1, 1977 to December 31, 1977.

This count was captioned "Petition for Possession and Specific Performance of an Agreement to Lease Real Estate". It described the farm and the terms of the lease. It alleged that plaintiffs had made preparations to farm the land by contracting for seed and materials and by making arrangements for machinery. Further that defendants would not let them farm the land, and plaintiffs had no adequate remedy at law. The prayer of Count I was as follows:

"Plaintiffs demand a judgment that the said defendants be required to specifically perform said agreement and deliver possession of said real estate to the Plaintiffs."

In Count II, plaintiffs made essentially the same allegations as to the lease, and prayed for actual and punitive damages. A motion to dismiss for improper venue was timely filed and denied.

■ The question for determination is whether or not plaintiffs' petition is an action for possession of real estate within the meaning of § 508.030, RSMo. whereby venue would be in Pike County.

Section 508.030, RSMo. provides that:

"Suits for the possession of real estate . . . shall be brought in the county where such real estate, or some part thereof, is situated."

■ Had plaintiffs filed a proper suit for possession of real estate, venue would have been in Pike County. However, the suit for specific performance of the lease does not state a cause of action, for the reason that their remedy at law is adequate.

First, plaintiffs had an adequate remedy of law in that they could have brought an action in ejectment. *State ex rel. Janus v. Ferriss,* 344 S.W.2d 656, 659 (Mo.App.1961).

■ Secondly, and more importantly, plaintiffs had an adequate remedy of law in that damages would have been a more adequate remedy. Equity will decree specific performance only when by that means it can do more perfect and complete justice. 71 Am.Jur.2d § 10, p. 23. In determining whether adequate damages may be recovered in an action at law so as to bar specific performance, the inquiry is whether the award of damages will put the injured party in a situation as beneficial to him as if the agreement were specifically enforced. *Fleischer v. James Drug Stores,* 1 N.J. 138, 62 A.2d 383 (1948).

In our case, the suit was filed in June, 1977. Plaintiffs filed their amended petition on March 31, 1978. Plaintiffs claimed only a right to farm the land for the crop year. Count I was dismissed by the court on May 15, 1978, for the reason that the allegations had become moot. By the time the issues were joined there could have been no reasonable expectation of farming the land in 1977. An award of damages would put the plaintiffs in a better position than if the lease were specifically enforced. *Brassfield v. Allwood,* 557 S.W.2d 674, 681 (Mo.App.1977).

■ For the reason that the plaintiffs improperly filed a "suit for the possession of real estate", venue was not in Pike County, Missouri. Accordingly, our provisional rule in prohibition is made absolute.

CLEMENS, J., and ALDEN A. STOCKARD, Special Judge, concur.