Robert E. LUKER, et al.,
Plaintiffs-Respondents,

v.

Donald R. BROCKMILLER, et al.,
Defendants-Appellants.

No. 43222.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1981.

Joseph T. Walsh, Dubail, Judge, Kilber, O'Leary & Smith, St. Louis, for defendants-appellants.

Gael D. Wood, Jenny, Cole & Eckelkamp, Washington, for plaintiffs-respondents.

CRIST, Presiding Judge.

Appeal from a decree ordering specific performance of a settlement agreement embodied in a final judgment.

This litigation began in May of 1977, when the Lukers (hereinafter "vendors") sued for ejectment of the Brockmillers from a leased restaurant. Immediately prior to trial, on December 18, 1978, the parties settled on an agreement whereby purchasers would buy the restaurant. Vendors were willing to finance this transaction by accepting purchasers' promissory note for $65,000 at 9 percent interest, secured by a deed of trust on the real property and a chattel mortgage covering the fixtures of the restaurant. In addition, vendors agreed to deliver an assignment of a lease to an adjoining unimproved lot.

Vendors delivered everything but the lease assignment. The lease covers a patch of dirt held under a "zero dollar maintenance lease," terminable at the owner's pleasure. Purchasers maintained the lot by spreading gravel on it and clearing weeds. Rather than consent to an assignment, the owner of the lot terminated the lease and stood ready to deal with purchasers. Purchasers, however, informed vendors of their intention not to perform any part of the bargain. Vendors responded in June of 1979 with a motion for judgment declaring the agreement to be the settlement of the suit for ejectment and for a decree of specific performance of that agreement. In July of 1979, the agreement was decreed the settlement of the case. The issue of specific performance was tried later and on June 18, 1980, the trial court ordered the defendants to specifically perform the agreement. Purchasers appeal this order.

Our review of a court-tried case is guided by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In addition, we are mindful that a decree of specific performance rests on the sound discretion of the trial court. *Zoeller v. Carty*, 585 S.W.2d 289, 291 (Mo. App.1979).

 Purchasers claim that they needn't perform their part of the agreement because vendors breached an essential element of the agreement by not delivering the lease assignment. However, specific performance may be decreed in spite of a minor breach by plaintiff, if it involves no substantial failure in performance. *Landau v. St. Louis Public Service Co.*, 364 Mo. 1134, 273 S.W.2d 255, 259; Restatements of Contracts, 2d, § 375(2). By Mr. Brockmiller's own testimony the failure to deliver the lease assignment is a minor breach. He testified that he *never* felt the need of the lease. He testified that he enjoyed uninterrupted use of the adjoining lot and continued to maintain it as before when vendors held the lease. For purchasers to argue now that the lease assignment is essential to the agreement is unsupportable and unbelievable.

Purchasers claim specific performance should not have been granted because vendors had an adequate remedy at law. Specific performance, however, is preferred when it will accomplish more complete and efficient justice. *State ex rel. Dowd v. Turpin*, 576 S.W.2d 754, 755 (Mo.App.1979). The question of adequacy of the remedy at law must be decided only after weighing all the facts of a case. Restatement of Contracts, 2d, § 361, c.(a). Here the promissory note does not become due until 1984. Most of the interest payments are not yet due. In light of purchasers refusal to perform at all, collection of these monies could require a continuous struggle. The trial court properly exercised its discretion in decreeing specific performance.

Purchasers claim specific performance was not appropriate because the agreement was unfair. Because this settlement is embodied in a final judgment from which no appeal was taken, res judicata precludes raising that issue now.

There is substantial evidence to support the trial court's decree. No error of law appears.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.