515 So.2d 1030 (1987)
Eleanor MAULDIN, Appellant,
v.
Pamela RICHTER and Paul Richter, Appellees.
No. BP-392.
District Court of Appeal of Florida, First District.
October 28, 1987.
Rehearing Denied December 9, 1987.
*1031 Conrad C. Bishop, Jr., Perry, for appellant.
John R. Weed, Perry, for appellees.
BOWER, N. RUSSELL, Associate Judge.
Eleanor Mauldin appeals an order granting appellees' motion to dismiss her petition for visitation of her grandchild. We affirm.
On October 21, 1981 a final judgment of dissolution of marriage between appellant's son and appellee Pamela Richter was entered. Custody of the couple's child, appellant's granddaughter, was awarded to Pamela. The child's father, appellant's son, was given visitation rights. At the time there was no statutory provision for a grant of grandparental visitation rights in such cases, and accordingly none were sought or awarded.
Chapter 752, Florida Statutes was enacted, effective October 1, 1984, to address the issue of grandparental visitation rights. It provides, inter alia, that in the event of the dissolution of the marriage of the child's parents the grandparents, upon petition, could be awarded reasonable visitation rights. § 752.01, Fla. Stat. (1985). Pamela remarried and in April 1985, with the consent of both natural parents, a final judgment was entered whereby Pamela's new husband, appellee Paul Richter, adopted the child. Appellant was not notified of the proceedings. In March 1986, eleven months after the adoption became final, appellant filed a petition for grandparental visitation. In response appellees filed a motion to dismiss for failure to state a cause of action. The trial court granted the motion, finding that pursuant to § 752.01(2) and § 752.07 Fla. Stat., appellant's failure to seek an award of visitation prior to the adoption precluded her from now seeking such visitation. We are compelled to agree.
Section 752.01, Fla. Stat. provides:
(1) The court may, upon petition filed by a grandparent of a minor child, award reasonable rights of visitation to the grandparent with respect to the child when it is in the best interest of the minor child if:
(a) One or both parents of the child are deceased;
(b) The marriage of the parents of the child has been dissolved; or
(c) A parent of the child has deserted the child.
(2) This act does not provide for grandparental visitation rights for children placed for adoption under chapter 63 except as provided in s. 752.07 with respect to adoption by a stepparent.
Section 752.07, Fla. Stat. provides:
When there is a remarriage of one of the natural parents of a minor child for whom visitation rights have been granted to a grandparent pursuant to s. 752.01, any subsequent adoption by the stepparent will not terminate any grandparental rights. However, the court may *1032 determine that termination of such visitation rights is in the best interest of the child and rule accordingly, after affording the grandparent an opportunity to be heard.
Therefore, a grandparent of a child who is subsequently adopted by a stepparent has no avenue to obtain visitation rights with that grandchild unless such visitation rights were previously secured by that grandparent following the parents' dissolution of marriage and prior to the child's adoption. Conceivably a grandparent might not feel any need to secure court ordered visitation rights before the time of the child's parent's remarriage or the stepparent's adoption of the child. The fact of an impending adoption, however, may be the catalyst for the necessity of such an award, yet Chapter 752 contains no provision for notice to the grandparent that an adoption is imminent.
The resolution in the instant case is controlled by the fact that between October 1984, when a right to seek grandparental visitation became effective, and April 1985, when the adoption became final, appellant never petitioned the court to be awarded visitation rights as to her granddaughter. Because of this omission on her part, appellant no longer has any legal relation to her granddaughter by virtue of § 63.172 Fla. Stat. which provides that a judgment of adoption terminates all legal relationships between the adopted person and his former relatives. In the chilling words of § 63.172(1)(b), appellant's granddaughter is now "a stranger to [her] former relatives for all purposes ..." Despite this drastic result, Chapter 752 affords no opportunity to the grandparents, by way of notification, to timely secure their rights of visitation. The grandparents are not advised that an adoption is imminent or that such a massive interference with their natural family right is about to occur.
The outcome of this case, albeit legally correct, troubles us. The obvious intent of Chapter 752 is to preserve the grandparental relationship when the stability of a child's familial life is threatened by divorce or other such potentially disruptive circumstances. And yet, the operation of this chapter in conjunction with Chapter 63 has the lamentable outcome of barring the appellant grandmother from ever being assured of visitation with her granddaughter. We can foresee numerous other circumstances where this chapter's operation will serve to eviscerate the very familial relationships it seeks to preserve and foster, and we question whether these unfortunate results, such as in the instant case, were anticipated by the drafters of Chapter 752.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.