William B. SEABAUGH and Dorothy B. Seabaugh, Appellants,

v.

Billy J. KEELE and Sara J. Keele, Respondents.

No. 54839.

Missouri Court of Appeals, Eastern District, Southern Division.

June 13, 1989.

Rehearing Denied Aug. 1, 1989.

Albert C. Lowes, Cape Girardeau, for appellants.

John L. Oliver, Jr., Cape Girardeau, for respondents.

CARL R. GAERTNER, Judge.

Plaintiffs William and Dorothy Seabaugh instituted this action against defendants, Billy and Sara Keele, seeking specific performance of a contract for the purchase of real estate in Count I and damages allegedly sustained by plaintiffs as a result of defendants' breach of that contract in Count II. The case was tried without a jury and the trial court, with detailed findings of fact and conclusions of law, held plaintiffs were entitled to retain the earnest money deposit as liquidated damages but denied plaintiffs' prayer for an order of specific performance. Plaintiffs appeal. We affirm.

On August 22, 1986, plaintiffs and defendants entered into a contract for the sale of real estate in Jackson, Missouri. The contract set the price at $200,000 for all four parcels owned by plaintiffs or at $90,000 for three of the parcels. The parties included an alternative price because the fourth parcel was subject to a lease with the lessee having a right of first refusal. The parties agreed to close on November 30, 1986.

The parties negotiated the terms of the contract including the amount of liquidated damages to be paid if defendants failed to perform. Plaintiffs had their own attorney review the contract before they signed it. Paragraph 9 of the contract provides:

9. In the event that the seller performs seller's part of this contract or tenders performance thereof, and the buyer fails to perform buyer's part, then the sum of Five Thousand Dollars ($5,000) paid herewith shall be retained by the seller as liquidated damages, it being agreed that actual damages are difficult, if not impossible to ascertain.

The contract contained no provision for financing. Mr. Seabaugh admitted at trial he agreed to provide defendants 30-days notice whether the lessee exercised a right of first refusal so they would know whether to obtain financing for three or four parcels. The formal procedures for a bank loan required 30 days. Defendants did not receive written notice of the lessee's release of the right of first refusal until November 28, two days before the scheduled closing. The parties did not agree on a new closing date. Mr. Seabaugh told Mr. Keele at least on two occasions that if the deal did not close before the end of the year it was all over and he would keep the property and the $5,000. On December 31, 1986, the transaction still did not close. Mr. Seabaugh admitted he considered the deal to be over and he would retain the liquidated damages. Thereafter plaintiffs offered the property for sale to others.

The trial court found that plaintiffs tendered performance as of December 31, 1986 and that defendants failed to perform. Accordingly the trial court ruled plaintiffs were entitled to retain the sum of $5,000 as liquidated damages but were not entitled to either specific performance or to additional damages. As reasons for this decision the court concluded the provision for liquidated damages excluded other remedies, that plaintiffs had not suffered irreparable harm and that, as a matter of discretion, specific performance was not warranted under the equitable considerations of the case.

Plaintiffs assert three points on appeal: 1) trial court error in finding the liquidated damage clause to be a sole and exclusive remedy which precludes specific performance, 2) error in finding the elements necessary for specific performance were not present and, 3) error in requiring plaintiffs to elect between Count I, seeking specific performance, and Count II, seeking "an

equitable accounting for monetary losses arising out of the breach of contract".

In reviewing a court tried case our primary concern is the correctness of the trial court's result, not the route taken to reach it. *Weber v. Knackstedt,* 707 S.W.2d 800, 804 (Mo.App.1986). Accordingly, we are obliged to affirm if we determine the court reached the correct result regardless of the reasons given by the trial court. *Payne v. Payne,* 728 S.W.2d 635, 638 (Mo.App.1987); *In re Estate of McMorrow,* 720 S.W.2d 400, 402 (Mo.App.1986).

■ Specific performance is a purely equitable remedy, governed by equitable principles, invoked where necessary that complete justice be done between the parties. *Hoover v. Wright,* 202 S.W.2d 83, 86 (Mo.1947). A claim of entitlement to a decree of specific performance is defeated by the existence of an adequate remedy at law. *State ex rel. Dowd v. Turpin,* 576 S.W.2d 754, 755 (Mo.App.1979). If an award of damages will put an injured person in a situation as beneficial to him as if the agreement were specifically enforced, he is not entitled to equitable relief. *Id.* Here, Mr. Seabaugh testified unequivocally that land which he still owns has appreciated in value because of adjacent highway improvements. In fact, shortly after the cessation of his dealings with defendants, he offered to sell the land for $40,000 more than the Keele contract price. The evidence amply supports the trial court's finding that the $5,000 liquidated damage provision was intended to and did compensate plaintiffs for any damages they might have sustained. Moreover, Mr. Seabaugh's testimony regarding the increased value of the property he retains in addition to the $5,000 dispels any inference that plaintiffs have sustained the irreparable harm prerequisite to the intervention of a court of equity. *C.A. Bianco, Inc. v. Hoechst,* 661 S.W.2d 567, 574 (Mo.App.1983).

As noted by the trial court, by declaring that the deal was over when not closed by December 31, and that he would keep the $5,000 and the property, and by offering to sell the property to others, Mr. Seabaugh demonstrated his understanding that the liquidated damage clause provided his remedy. Such a declaration and subsequent conduct, inconsistent with the continued existence of the contract, may be considered as an abandonment of the contract by plaintiffs, thereby precluding their entitlement to specific performance. *See Ferguson v. Kindle,* 396 S.W.2d 626, 629 (Mo. 1965); *Smith v. Mohan,* 723 S.W.2d 94, 97 (Mo.App.1987).

Furthermore, the determination of whether specific performance should be decreed rests in the sound discretion of the trial court. *Flath v. Bauman,* 722 S.W.2d 125, 128 (Mo.App.1986). The trial court included in its order a discretionary denial of specific performance because the "equitable considerations do not mitigate in favor of specific performance". In addition to the facts set forth above, there was evidence Mr. Seabaugh had misrepresented the location of sewer lines on the property, that one lot included an area actually owned by the highway department and that the location of buildings violated restrictive setback covenants. Viewing all the evidence in the light most favorable to the judgment of the trial court we find no abuse of discretion.

■ Finally plaintiffs argue they were entitled to damages because of the loss of interest income and capital gains benefits resulting from defendants' failure to perform the contract. Future tax liability is ultimately dependent upon many factors not before the trial court. *Orchard Container Corp. v. Orchard,* 601 S.W.2d 299, 306 (Mo.App.1980). Plaintiffs' contention is based upon the January 1, 1987 change in the treatment of capital gains for income tax purposes. They offered evidence of the difference in tax consequences between a sale of the property in 1986 and a sale for the same price in 1987. In fact, the property was not sold in 1987. Based on Mr. Seabaugh's testimony of increased value, the price at which it might be sold in the future is purely speculative. Tax conse-

quences are too speculative to compute because of uncertainty regarding changes in property value, tax rates and exemptions. *Rassieur v. Charles*, 354 Mo. 117, 188 S.W.2d 817, 819 (1945). Likewise, plaintiffs offered no proof regarding loss of interest other than a speculative rate of return of 9 percent for an arbitrary period of one year. Plaintiffs' accountant testified no financial institution in the area was offering a rate of return as high as 9 percent on investments at that time. His calculations at that rate and for that period of time were made at the direction of plaintiffs' attorney and not on the basis of existing facts.

■ The trial court stated that defendants' objection to the speculative nature of plaintiffs' evidence of consequential damages was "in all probability well taken." However, the court held the issue was moot because these damages were covered under the liquidated damage provision of the contract as "actual damages [which] are difficult, if not impossible to ascertain." Liquidated damages and actual damages may not be awarded for the same injury. *Germany v. Nelson*, 677 S.W.2d 386, 388 (Mo.App.1984). The evidence and the reasonable inferences drawn therefrom support the conclusion of the trial court. Moreover, plaintiffs evidence of damage is based entirely upon speculative assumptions and is without probative value.

Judgment affirmed.

CRIST and CRANDALL, JJ., concur.