In the Matter of C——— E——— R———,
A Minor Child.

P——— M———, Petitioner–Respondent,

v.

A——— R———, Respondent–Appellant,

and

B——— L——— M———, Respondent.

No. 16789.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 1990.

James L. Bowles, Ozark, for petitioner-respondent.

Timothy E. Gammon, James H. Arneson, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, for respondent-appellant.

PREWITT, Judge.

Petitioner, claiming to be the grandmother of a minor child, filed this action against the child's parents under § 452.402, RSMo Supp.1989, seeking visitation with the child. Petitioner stated that her son was the child's father. He defaulted and did not otherwise appear in the action. The child's mother appealed from the trial court's order allowing visitation.

At trial and here, appellant contends that as petitioner's son has failed to provide support, and has not otherwise evidenced paternity, petitioner has no standing to seek visitation. The trial court found that petitioner's son was the biological father of the child and that it would be in the best interest of the child to have visitation with petitioner. Petitioner was granted "visitation rights" with the child "on Saturday of every sixth weekend beginning at 8:00 A.M. on Saturday and ending at 5:00 P.M. on Saturday."

The material facts are not disputed. Appellant and petitioner's son were never married. There was evidence that petitioner's son was the father of the child and, although questioned here, it was not disputed in the trial. He has not provided support for the child and apparently has had little, if any, contact with him. Appellant testified that petitioner's son had never "attempted to establish any kind of a relationship with C____". Appellant said that petitioner had attempted to have a relationship with the child and appellant testified that she "did take him to see her on two or three occasions, and that wasn't enough."

Section 452.402, RSMo Supp.1989, states in part:

> **452.402. Grandparent's visitation rights granted, when, terminated, when—guardian ad litem appointed, when—attorney fees and costs assessed, when.**—1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree. The court may grant grandparent visitation when:
>
> \* \* \* \* \* \*
>
> (3) A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days.
>
> 2. The court shall determine if the visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair his emotional development. Visitation may only be ordered when the court finds such visitation to be in the best interests of the child. The court may order reasonable conditions or restrictions on grandparent visitation.
>
> \* \* \* \* \* \*

For a history of such statutes and a discussion of some of the problems inherent in them, see 2 Clark, The Law of Domestic Relations § 20.7 (2d ed. 1987). Generally, see Annot., Grandparents' Visitation Rights, 90 A.L.R.3d 222 (1979).

■ In construing a statute, the legislative intent is to be determined from the language used in the statute and the words are to be considered in their plain and ordinary meaning. *In the Matter of A____ F____*, 760 S.W.2d 916, 918 (Mo.App.1988). When the statute has no exceptions the court should not engraft one. *Id.* The law favors a construction of statutes which tend to avert an unreasonable result. *Id.*

■ There is no requirement in the statute that as a condition to a grandparent receiving visitation rights that the father of a child be married to the mother, acknowledge paternity, pay support or otherwise establish a relationship with the child. Were we to add any of these conditions, we would be engrafting an exception upon the statute which it does not contain. Petitioner is undisputedly the mother of the father of the child and thus a grandparent. She was denied visitation with the child.

The cases cited by appellant do not aid her. *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983), *Caban v. Mohammed*, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), and *D.L.G., Sr. v. E.L.S.*, 774 S.W.2d 477 (Mo. banc 1989), involved the due process rights of an unmarried father in adoption proceedings. *In the Interest of J.F.*, 719 S.W.2d 790 (Mo. banc 1986), involved similar questions regarding the right of a putative father in a termination of parental rights proceeding. *In the Interest of D.L.S.*, 775 S.W.2d 548 (Mo.App.1989), was a situation where the father's parental rights had been terminated and his mother appealed the trial court's judgment denying her petition for custody and adoption of the child. There were facts in that case which the trial court found did not make the grandmother a

suitable person to adopt the child. None of the cases approach the issue before us.

Appellant also cites a series of cases stating that the trial court erred "in failing to follow those courts that have addressed the issue and concluded grandparent visitation rights are not broader than the parental rights under which they are derived." The cases cited do not support that contention. *White v. Jacobs*, 198 Cal.App.3d 122, 243 Cal.Rptr. 597 (1988), found no statutory authority to entertain an independent action to order visitation for a grandparent over the objections of the child's parents. *Mauldin v. Richter*, 515 So.2d 1030 (Fla. App.1987); *Bush v. Squellati*, 122 Ill.2d 153, 119 Ill.Dec. 366, 522 N.E.2d 1225 (1988); and *Matter of Welfare of R.A.N.*, 435 N.W.2d 71 (Minn.App.1989), all involved children who had been adopted. *Hicks v. Enlow*, 764 S.W.2d 68 (Ky.1989), was three cases, two of which involved adoption and one where parental rights had been terminated. None of those situations are present here. The effect of adoption is referred to in § 452.402.6, RSMo Supp. 1989, set out below.[1]

Grandparents of children born to an unmarried father could have been excluded from visitation rights had the legislature so intended it. Such grandparents wanting visitation could have been anticipated and as the legislature did not deny them visitation rights or otherwise exclude them, it is reasonable to assume they have the same rights as the parents of a married father. In a similar factual situation this result was reached elsewhere. See *Welch v. Suggs*, 175 Ga.App. 233, 333 S.E.2d 31 (1985). See also *Skeens v. Paterno*, 60 Md.App. 48, 480 A.2d 820, 825–826 (1984).

Nor do we find this to be an unreasonable result. A child and his grandparents have the same relationship regardless of whether his parents are married. The grandparents may, and perhaps should have, the same regard for the grandchild born out of wedlock, as one born of married parents. The out-of-wedlock child may even need the love and assistance of the grandparents more than a child whose parents are married and live together. The trial court properly found that petitioner could seek visitation of the child under § 452.402, RSMo Supp.1989.[2]

Appellant also contends that by petitioner having the child during the period prescribed by the trial court she is getting custody rather than visitation. That contention has no merit. See *Hamilton v. Hamilton*, 622 S.W.2d 252, 254 (Mo.App. 1981); *Barry v. Barrale*, 598 S.W.2d 574, 581–582 (Mo.App.1980) (both cases allowing overnight "visitation"). See also *Doe "A" v. Special Sch. Dist. of St. Louis County*, 637 F.Supp. 1138, 1146 (E.D.Mo.1986).

Finally, appellant contends that the trial court erred in finding her in contempt. According to the docket sheet in the legal file, after the judgment she may have been found in contempt. Outside of notes on the docket sheet, none of that proceeding is before us. The statements in appellant's brief attempting to justify her refusal to let petitioner have visitation rights after the judgment are not accompanied with any citations to the record, see Rule 84.04(h), and we cannot find any support for them either in the transcript or legal file. There is nothing before the court to consider regarding the contention that appellant was improperly found in contempt.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.

---

1. The right of a grandparent to seek or maintain visitation rights under this section may terminate upon the adoption of the child except where the child is adopted by a stepparent, another grandparent or other blood relative.

2. In oral argument appellant's counsel stated that petitioner should have proceeded under chapters 210 or 211, RSMo 1986, to establish her son's paternity before seeking visitation. As that contention is not made in the "points relied on" in appellant's brief, we do not address it. See *Landoll v. Dovell*, 779 S.W.2d 621, 627 (Mo. App.1989).