Karen FARRELL, Plaintiff/Respondent,

v.

Sonya DENSON, Defendant/Appellant.

No. 59065.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 24, 1991.

Andrew R. Kasnetz, Davis & Davis, St. Louis, for defendant/appellant.

Susan M. Hais, Theresa Counts Burke, Summers, Compton, Wells & Hamburg, St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Paternal grandmother sought visitation rights with her grandchildren. The trial court granted her petition. Mother appeals. We affirm.

Mother gave birth out of wedlock to twin girls on December 16, 1985. The father of the children was grandmother's son. Mother and the twins have lived with paternal grandparents on two occasions totaling approximately one and a half years. Grandparents have taken the children on trips and have purchased clothing for them and otherwise helped provide for their needs.

Mother and the children moved out of grandmother's home in St. Louis County on November 28, 1989 and grandmother was not aware of their subsequent whereabouts. On January 12, 1990, grandmother filed a petition for visitation rights under § 452.402, RSMo 1986 (Supp.1990), alleging she had been unreasonably denied visitation with the twins for a period exceeding 90 days. At trial, grandmother testified that although the entire period of 90 days had not elapsed when the petition was filed, this allegation was based upon her anticipation that visitation would be denied for 90 days.

The trial was held on August 2, 1990. Mother testified that she did not want the children to visit grandparents until the case was settled. The trial court concluded that grandmother had been unreasonably denied visitation for a period exceeding 90 days prior to trial and that this satisfied the statutory requirement.[1] The court also found that it was in the best interests of the children to have ongoing and regular

contact with their paternal grandparents, as required by the statute.

■ We are guided by the standard of review articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Id.* at 32.

■ Mother argues that grandmother does not have standing to bring this action under § 452.402 "because of the absence of a marital relationship between the parents of the minor children." This issue is governed by the recent case of *In the Matter of C.E.R.*, 796 S.W.2d 423 (Mo.App.1990). In that case, the Southern District held that § 452.402 applied regardless of whether the parents of the grandchildren are married or unmarried. The court stated:

> Grandparents of children born to an unmarried father could have been excluded from visitation rights had the legislature so intended it. Such grandparents wanting visitation could have been anticipated and as the legislature did not deny them visitation rights or otherwise exclude them, it is reasonable to assume that they have the same rights as the parents of a married father ...

> Nor do we find this to be an unreasonable result. A child and his grandparents have the same relationship regardless of whether his parents are married. The grandparents may, and perhaps should have, the same regard for the grandchild born out of wedlock, as one born of married parents. The out-of-wedlock child may even need the love and assistance of the grandparents more than a child whose parents are married and live together.

1. Section 452.402 provides in pertinent part:
   1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree. The court may grant grandparents visitation when: ...

   (3) A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days.

*Id.* at 425. Thus grandmother has standing.[2]

Mother, however, raises one issue that has not yet been directly faced by an appellate court in Missouri. She contends that § 452.402 requires that grandmother prove that she has been unreasonably denied visitation rights for 90 days preceding the filing of the petition and that the evidence here shows that time had not elapsed. The record reveals that prior to the hearing (August 2, 1990), visitation was denied for a period of substantially more than 90 days. However, only 45 days elapsed between the last visitation (November 28, 1989) and the filing of the petition (January 12, 1990).

In *Matter of C.E.R.*, 796 S.W.2d 423, the Southern District emphasized that:

> In construing a statute, the legislative intent is to be determined from the language used in the statute and the words are to be considered in their plain and ordinary meaning. When the statute has no exceptions the court should not engraft one. The law favors a construction of statutes which tend to avert an unreasonable result.

*Id.* at 424 (citations omitted).

When we apply this standard of interpretation, it is apparent that the 90 days referred to in the statute need not elapse prior to the filing of the petition in order to vest jurisdiction in the circuit court. It is necessary, however, that visitation be denied for 90 days prior to entry of the order.

In reaching our conclusion that the 90 day rule here is not jurisdictional, we are not unmindful that it is generally the law that "a suit is prematurely brought if the petition is filed before the cause of action has accrued, and such a suit may not be maintained, even though the cause of action has accrued at the time of the trial." *Jegglin v. Orr*, 29 S.W.2d 721, 724 (Mo. App.1930). Here, however, it is apparent that the legislature did not intend that visitation must be unreasonably denied for the full 90 days before the petition is filed.

In enacting § 452.402, the legislature recognized a new state policy establishing the right of grandparents to maintain a relationship with their grandchildren. In *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App. 1980), the Western District considered a case under an earlier version of § 452.402 and stated: [3]

> Quite simply, § 452.402 empowers the court to examine grandparent visitation after petition, to evaluate the best interests of the children and to order reasonable visitation when the parties cannot themselves resolve the question and when visitation would benefit the children.

*Id.* at 579–80.

The overriding standard expressed in both the statute and the case law is the best interests of the children.[4] The best interests of the children standard makes this an exception to the general rule that a cause of action must have accrued before it is brought. To interpret the statute as requiring that a grandparent have been deprived of visitation for a 90 day period prior to filing a petition would considerably delay a reconciliation between grandchildren and grandparents. The wisdom of our interpretation is apparent from the facts of this case. Mother stated that she was depriving visitation to the grandparent until "this [case] was settled."

In contrast, the 90 day residency requirement that must be satisfied prior to the filing of a dissolution petition is jurisdictional. Section 452.305.1, RSMo 1986 provides:

---

**2.** Although mother challenges the venue of this case, she admits the determination that a grandmother has standing to bring this case under § 452.402 would render this issue moot. We agree. Furthermore we find that the evidence was sufficient to show venue in St. Louis County.

**3.** The subsequent amendments to this statute do not affect the policy expressed in *Barry*.

**4.** Section 452.402.2 provides that: "The court shall determine if the visitation by the grandparent would be in the child's best interest ... Visitation may only be ordered when the court finds such visitation to be in the best interests of the child."

1. The circuit court shall enter a decree of dissolution of marriage if

(1) The court finds that one of the parties has been a resident of this state ... *for ninety days next preceding the commencement of the proceeding* ... (Emphasis added.)

If the legislature had intended that the 90 day requirement in § 452.402 be a condition precedent for the filing of a petition, it could have expressed that intent as it did in the dissolution statute by requiring that ninety days elapse "preceding the commencement of the proceeding...." Mother's point is without merit.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.