Mary ASBURY, Plaintiff–Appellant,

v.

CRAWFORD ELECTRIC COOPER-ATIVE, INC., Defendant/Third–Party Plaintiff–Respondent,

v.

Oak Crest Enterprises, Inc., Third–Party Defendant–Respondent.

No. 23806.

Missouri Court of Appeals,
Southern District,
Division Two.

May 11, 2001.

Motion for Rehearing or Transfer Denied
June 8, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Stephen K. Paulus, Woodward, Evans and Paulus, L.L.C., Cuba, for Appellant.

George M. Johnson, Andereck, Evans, Milne, Peace & Johnson, Springfield, for Respondent.

GARRISON, Judge.

Mary Asbury ("Plaintiff") appeals from a judgment entered after trial by the court in a suit she brought against Crawford Electric Cooperative, Inc. ("Coop").[1] The suit involved her attempt to obtain electricity for property she owned in Crawford County.

On September 1, 1995, Plaintiff purchased Lot 23 of Black Briar Hill Subdivision, consisting of a lot with a house that had no electrical service. Plaintiff applied to Coop for electrical service on the same day she purchased the property. In doing so, she signed an "Application for Membership and Service Contract," which provided, inter alia, that Plaintiff "must furnish without cost to the [Coop] the necessary permits, easement, or right of way for the construction and operation of the service extension." At the same time she signed the application, Plaintiff signed an easement in favor of Coop giving it the right to place, construct, operate, repair and maintain an electric transmission or distribution line on her property.

Access to Plaintiff's property is by a road through or adjacent to land owned by Ronald Starbeck ("Starbeck"), Oak Crest Enterprises, Inc. ("Oak Crest"), and several other people who owned property between Plaintiff's land and the nearest location of Coop's lines. Shortly after Plaintiff requested electrical service from Coop, and granted Coop an easement on her property, Coop's representative informed Plaintiff that she would need to get easements in Coop's favor from five intervening property owners. Plaintiff obtained three of those easements for Coop, leaving the Oak Crest and Starbeck properties. Initially there was a discussion about building the line along a road that traversed the Oak Crest property, but in October 1995 Coop wrote Plaintiff informing her that it had obtained an attorney's opinion that Coop had no right to build on the road easement, and that "[h]e did not elaborate on whether or not this could be changed."[2] Thereafter, Plaintiff had a conversation with Jerry Wellington ("Wellington"), Coop's operations manager, concerning the fact that the telephone company was installing underground telephone lines along the road through the Oak Crest property, and inquiring whether the electric line could be similarly installed.

According to the testimony of both Wellington and Plaintiff, Wellington told Plaintiff that Coop could build the electrical lines underground along the road through

---

1. The Coop is a rural electric cooperative pursuant to Chapter 394 et seq., RSMo 2000, and supplies electricity to the area where the subject property is located.

2. The possibility of building the line "on the road easement" apparently refers to building overhead lines which require that some distance from the lines be kept clear of trees and other obstructions.

Oak Crest. Coop had also learned that Starbeck would grant an easement to it across his land for a payment of $1,000. Wellington told Plaintiff that Coop would provide electrical service to her property if she paid $1,000 to Starbeck for that easement and agreed to pay Coop $6 per foot for running the line under ground past the Oak Crest property. Plaintiff agreed to the terms set by Wellington, but testified that she told Wellington that before she paid Starbeck $1,000 for the easement across his property, she had to be sure that there would not be other problems. Wellington assured her that if she did so, Coop would begin constructing the line nine days later. It is clear that this agreement was entered into by Wellington in his capacity as operations manager of Coop. On November 21, 1995, after being paid $1,000 by Plaintiff, Starbeck signed an easement in favor of Coop at a meeting attended by Starbeck, Plaintiff, a friend of Plaintiff's, Wellington, and a member of Coop's engineering department. A week later, however, Plaintiff was contacted by Wellington and told that Coop was not going to provide electrical service to her property. This determination apparently was made by Coop's general manager when he learned of the arrangement between Plaintiff and Wellington, and concluded that the road in question was not a public road, and that the easement for that way was private and did not provide for the installation of electrical facilities.

Plaintiff subsequently filed suit against Coop in three counts. Count I was based on breach of contract in which Plaintiff alleged that she and Coop had entered into an agreement whereby Coop agreed to furnish electricity to her home on the condition that she obtain an easement from Starbeck; that she did obtain that ease-

ment by paying him $1,000 based on the assurances of Coop; that although she had performed all of her obligations under the agreement, Coop had failed to perform its obligations by refusing to provide electricity to her property; and that she had been damaged in that her home had deteriorated without electricity, she had been unable to occupy the property, she had incurred expenses storing furniture and in making trips to the property, and the home on the property had decreased in value. She also alleged that she had no adequate remedy at law, and sought a judgment for damages as well as specific performance of the contract. Count two was in tort based on an alleged statutory duty to provide electrical service pursuant to § 393.130 [3]; and count three was for fraudulent misrepresentation. Coop denied that there was an agreement to provide Plaintiff with electrical service if she paid Starbeck $1,000; it alleged that Plaintiff was contractually bound to obtain all necessary easements to run electricity to her property and that she failed to do so; and it alleged that it had offered to reimburse Plaintiff for the $1,000 she paid to Starbeck. Coop also filed a counterclaim seeking a declaratory judgment and a third-party petition against Oak Crest seeking to condemn an easement across its property at the expense of Plaintiff, alleging that pursuant to her application for membership, she agreed to furnish, without cost to Coop, the necessary easement for the construction and operation of the electrical service to her property. The counterclaim for a declaratory judgment was subsequently dismissed by Coop, and the third-party petition for condemnation was severed from this case.

The trial court found for Coop on Counts II and III of the First Amended

---

**3.** All statutory references are to RSMo 2000 and all rule references are to Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

Petition.[4] The court concluded, as to Count I:

> With respect to Count I of [Plaintiff's] First Amended Petition, the Court finds that Defendant, [Coop], by its attorneys, has conceded in Court that [Plaintiff] is entitled to recovery (sic) of One Thousand Dollars ($1,000.00).
>
> Therefore, the Court orders the payment of One Thousand Dollars ($1,000.00) from Defendant, [Coop], to [Plaintiff] under Paragraph No. 7 of said Count I. All other issues under said Count I are found in favor of Defendant, [Coop].[5]

The trial court purported to grant relief under Count I which would imply a finding that a contract did, in fact, exist. It limited that relief, however, to a refund of the $1,000, noting that Coop had conceded that Plaintiff was entitled to that amount. This apparently was in response to Coop's answer to Count I in which it alleged that it had "offered to reimburse Plaintiff in the amount of $1,000.00 to mitigate her circumstances and Plaintiff refused the same." At trial, Coop's attorney also informed the trial court that "[i]n our pleadings we, in effect, confessed judgment for the repayment of the $1,000.00 which [Plaintiff] paid for an easement and we would expect to be subject to repay that if the court finds for us on the specific performance and finds that we do not need to provide the electric service to her." Plaintiff had not requested, however, a return of the $1,000 which was awarded by the trial court.

The standard of review mandated by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), for court-tried cases is applicable in both actions at law and in equity. *Roth v. Roth*, 571 S.W.2d 659, 664 (Mo.App.1978).[6] In reviewing a court-tried case, we affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Farrell v. Denson*, 821 S.W.2d 547, 548 (Mo.App. E.D. 1991).

Plaintiff alleges four points of error in this appeal. Since the third and fourth points are dispositive, we need not discuss the other two. In her third and fourth points, Plaintiff contends that the trial court erred in finding that she and Coop did not enter into an enforceable oral agreement, and in not ordering specific performance. She also argues in her fourth point that the trial court erred in not awarding her damages.

Plaintiff relies on what she characterizes as an oral contract entered into with Wellington, in which Coop agreed to furnish electricity to Plaintiff's property if she would obtain an easement from Starbeck by paying him $1,000 and pay $6 per foot for underground lines which Coop would run along the edge of the road through the Oak Crest property.

In Missouri a court will enforce an oral contract if (1) the contract is defi-

---

4. How there was a determination as to Counts II and III is not apparent from the record in that the court announced at the beginning of trial that it was proceeding only on Count I.

5. This is the second time this case has been here on appeal. The first time, the appeal was dismissed because there was not a final judgment. *See Asbury v. Crawford Electric*

*Co-op., Inc.,* 9 S.W.3d 774 (Mo.App. S.D. 2000). A "Revised Judgment" was subsequently entered.

6. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form, in Rule 84.13(d).

nite; (2) it is proved as pleaded; (3) it is established by recent, definite conversations; (4) it is fair; (5) the proof leaves no reasonable doubt that the contract was made and full performance, as far as possible, has been had; (6) the performance is referable solely to the contract; (7) the contract is based upon adequate consideration; and (8) a real contract, rather than a mere disposition to agree, is shown. *Rohrer v. Rohrer,* 731 S.W.2d 883, 884 (Mo.App. E.D.1987). Parol evidence is admissible to prove the terms of an oral contract. *F.C. Preuitt Const. Co., Inc. v. Doty,* 536 S.W.2d 908, 913 (Mo.App.1976). Consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility, given, suffered or undertaken by the other. *Cash v. Benward,* 873 S.W.2d 913, 916 (Mo.App. W.D.1994). The record establishes the oral contract relied on by Plaintiff. Although no issue is raised on this appeal concerning it, the record also establishes the authority of Wellington to enter into the. contract in Coop's behalf.

Coop argues, however, that "Wellington could not contract for [Coop] to bury a line in the roadway because it was not a public road and [Coop] had no easement. He could not, and the [Coop] could not, enter into an illegal contract." It then argues that its employee (presumably Wellington) made a mistake concerning Coop's ability to bury a line along the road. It is significant, however, that Coop has the statutory authority to condemn for right of way. Section 394.080.1(11). In fact, one of the actions taken by Coop's board of directors in response to this suit was to pass a resolution by its board of directors authorizing the filing of a condemnation action to obtain a right-of-way easement over the Oak Crest property. That third-party ac-

tion was filed, but was severed from the suit between Plaintiff and Coop prior to trial.[7] As a consequence, Coop has the ability to obtain the necessary easement to comply with its agreement with Plaintiff.

██ The "mistake" Coop attempts to rely on was that which it says was made by Wellington in believing that the road through the Oak Crest property was a public road on which they could bury an electrical line without the need for other easements from the adjoining property owner. It, therefore, attempts to rely on a unilateral mistake to avoid the agreement. Relief from a contract will be granted for a unilateral mistake where (1) enforcement would be unconscionable, or (2) where the other party had reason to know of the mistake. *Ricks v. Missouri Local Gov't Employees' Ret. Sys.,* 981 S.W.2d 585, 593 (Mo.App. W.D.1998). Neither of those two conditions appear here. Generally, courts are reluctant to allow one party to avoid an agreement for a mistake that was not shared by the others. *Id.* Additionally, it has been said that there can be no relief against mistake when the party had within its reach the means of ascertaining the true facts, and, without being induced thereto by the other party, neglected to avail himself of his opportunities of information. *Matter of Estate of Hysinger,* 785 S.W.2d 619, 625 (Mo.App. E.D.1990). Where the mistake has resulted solely from the negligence or inattention of the party seeking relief, and the other party is without fault, relief should not be granted absent unusual circumstances which would make enforcement of the agreement unjust. *State ex rel. Missouri State Highway Comm'n v. Hensel Phelps Const. Co.,* 634 S.W.2d 168, 173 (Mo.banc 1982), citing *Town of Lyndon v. Burnett's Contracting Co.,* 138 Vt. 102, 413 A.2d 1204 (1980), in

7. The trial court made a finding in its revised judgment, pursuant to Rule 74.01(b), that the judgment was final for purposes of appeal and that there was no just reason for delay.

which the defendant was mistaken in its belief that plaintiff had all easements necessary for construction of sewers it bid on, but it was not granted relief based on mistake.

In the instant case, although it is not clear how long, there was a lapse of time between the time Wellington told Plaintiff that Coop could bury its lines adjacent to the road through Oak Crest as was planned for the telephone lines, and the meeting at Coop's office where Plaintiff was again assured that there would be no problem and she paid Starbeck $1,000 for the easement across his property. There is no indication in the record that Coop would not have had the opportunity to ascertain the true facts about the nature of the road easement during that interval if it had chosen to.

 If a party to a contract is obligated to a performance that is possible to be performed, the party must make good unless performance is rendered impossible by an Act of God, the law, or the other party. *Farmers' Elec. v. Mo. Dept. of Corrections*, 977 S.W.2d 266, 271 (Mo.banc 1998). There is an implied covenant of good faith and fair dealing in every contract, and a party cannot by its own act place itself in a position to be unable to perform a contract, then plead that inability as an excuse for nonperformance. *Id.* A party claiming impossibility as a defense must demonstrate that it took virtually every action within its powers to perform its duties under the contract. *Id.*

In the instant case, while the record does not disclose that Coop presently owns an easement across the Oak Crest property, it has the ability to obtain such easement by condemnation. The covenant of good faith and fair dealing requires that Coop take all actions which it lawfully can to obtain an easement in order for it to perform its agreement with Plaintiff.[8]

 There remains the question of what relief Plaintiff is entitled to. In addition to damages, Plaintiff sought specific performance of the contract, alleging that she did not have an adequate remedy at law. Specific performance is a purely equitable remedy, governed by equitable principles, invoked where necessary that complete justice be done between the parties. *Seabaugh v. Keele*, 775 S.W.2d 205, 207 (Mo.App. E.D.1989). A claim of entitlement to a decree of specific performance is defeated by the existence of an adequate remedy at law, and if an award of damages will put an injured person in a situation as beneficial to him as if the agreement were specifically enforced, he is not entitled to equitable relief. *Id.* It is clear that an award of damages in this case will not put Plaintiff in as beneficial position as would the furnishing of electricity to her property which was the obligation taken on by Coop in the agreement. Specific performance of the contract should be ordered.

 Plaintiff also argues that the trial court erred in not awarding damages claimed by her as a consequence of not having received electrical service to her property. Those damages included claimed deterioration to the house on the property, as well as additional expense incurred by Plaintiff because she could not inhabit the house. Plaintiff, however, cites no authority demonstrating that those claimed damages are compensable. An

---

**8.** The agreement to which we refer is the oral agreement between Plaintiff and Wellington, not the original application for membership signed by Plaintiff. The parties modified that agreement with the oral agreement whereby Coop is to furnish electricity to Plaintiff in exchange for Plaintiff paying Starbeck $1,000 for an easement and agreeing to pay $6 per foot for the line to be buried along the road through the Oak Crest property.

appellant's failure to cite relevant authority or explain why such authority is not available acts as an abandonment of the point on appeal. *See Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. E.D.1996); *Shiyr v. Pinckney,* 896 S.W.2d 69, 71 (Mo. App. S.D.1995). We do not consider, therefore, the trial court's failure to award damages to Plaintiff.

The judgment as to Count I of the amended petition, including that portion awarding $1,000 to Plaintiff, is reversed and the case is remanded with instructions for the trial court to enter judgment for Plaintiff on Count I and award Plaintiff specific performance as indicated in this opinion. Otherwise, the judgment is affirmed.

PREWITT and RAHMEYER, JJ., concur.